Troy Law, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class Plaintiffs*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

RUIXUAN CUI,
*on behalf of himself and others similarly situated,*

           Plaintiff,

      v.

EAST PALACE ONE, INC.
   d/b/a East Palace Chinese Restaurant,
EAST PALACE 43 INC.
   d/b/a East Palace Chinese Restaurant,
EAST PALACE 819 INC.
   d/b/a East Palace Chinese Restaurant,
NEW EAST PALACE REST. INC.
   d/b/a East Palace Chinese Restaurant,
EAST PALACE 2ND AVE. INC.
   d/b/a East Palace Chinese Restaurant,
SIX HAPPINESS REST. INC.
   d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS 38 INC.
   d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS 711 INC.
   d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS 74 INC.
   d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS EAST INC.
   d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS MIDTOWN INC.
   d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS 1413 INC.
   d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS 73RD INC.
   d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS 39 INC.
   d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS UPTOWN INC.

**Case No: 17-cv-6713**

**<u>29 U.S.C. § 216(b)</u>**
**<u>COLLECTIVE ACTION &</u>**
**<u>FED. R. CIV. P. 23 CLASS</u>**
**<u>ACTION</u>**

**<u>COMPLAINT</u>**

d/b/a Six Happiness Chinese Restaurant,
SIX HAPPINESS 88 INC.
    d/b/a Six Happiness Chinese Restaurant,
NEW SIX HAPPINESS CHINESE RESTAURANT
    INC.
    d/b/a Six Happiness Chinese Restaurant,
XI LIN,
RUI HUA CHEN,
LAI YIN HO,
XUE DU CHEN,
QI YENG LIN,
XUE XIAN CHEN,
MEI QIN WENG,
XIAN LIN,
JIAN FENG LIN,
LIN FUI,
FEI LIN, and
TAN HUI LU

                      Defendants.
------------------------------------------------------------------x

    Plaintiff RUIXUAN CUI (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88

INC. d/b/a Six Happiness Chinese Restaurant, NEW SIX HAPPINESS CHINESE

RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant, XI LIN, RUI HUA CHEN, LAI

YIN HO, XUE DU CHEN, QI YENG LIN, XUE XIAN CHEN, MEI QIN WENG, XIAN LIN,

JIAN FENG LIN, LIN FUI, FEI LIN, and TAN HUI LU (hereinafter referred to as

"Defendants").

## INTRODUCTION

1.       This action is brought by Plaintiff, on behalf of himself as well as other similarly situated

employees against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29

U.S.C. §§ 201 *et seq.* and of the New York Labor Law ("NYLL") and implementing New York

Codes, Rules, and Regulations ("NYCRR"), arising from Defendants' various willful and

unlawful employment policies, patterns and/or practices.

2.       Upon information and belief, Defendants have willfully and intentionally committed

widespread violations of the FLSA, NYLL, and NYCRR by engaging in a pattern and practice of

failing to pay their employees, including Plaintiff, minimum wage for each hour worked,

overtime for all hours worked in excess of forty (40) in each workweek, and spread-of-hours for

all hours worked in excess of ten (10) in each workday.

3.       Defendants willfully failed to record all of the time that Plaintiff and similarly situated

employees work or worked, including time worked in excess of forty (40) hours per week and

ten (10) hours per day.

4.       Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants:

(1) unpaid wages, including unpaid minimum wages, (2) unpaid overtime, (3) liquidated

damages; (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to the NYLL § 650 *et seq.* and 12 NYCRR § 146 that he is entitled to recover from the Defendants: (1) unpaid wages, including unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread-of-hours; (4) liquidated damages equal to one hundred percent (100%) of the sum of unpaid wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y.S.N. 8380, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day (7) nine percent (9%) simple prejudgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") NYCPLR § 5004, (8) post-judgment interest, and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF**

8.      Plaintiff RUIXUAN CUI is a resident of Queens County, New York and was employed by Defendants as a deliveryman.

**DEFENDANTS**

***Corporate Defendant***

9.      Defendant EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 819 Second Avenue, New York, NY 10017.

10.      Upon information and belief, EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

11.      Upon information and belief, EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant purchased and handled goods moved in interstate commerce.

12.      Defendant EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 819 Second Avenue, New York, NY 10017.

13.      Upon information and belief, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

14.      Upon information and belief, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant purchased and handled goods moved in interstate commerce.

15.      Defendant EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 819 Second Avenue, New York, NY 10017.

16.      Upon information and belief, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

17.     Upon information and belief, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant purchased and handled goods moved in interstate commerce.

18.     Defendant NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 819 Second Avenue, New York, NY 10017.

19.     Upon information and belief, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

20.     Upon information and belief, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant purchased and handled goods moved in interstate commerce.

21.     Defendant EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 819 Second Avenue, New York, NY 10017.

22.     Upon information and belief, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

23.     Upon information and belief, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant purchased and handled goods moved in interstate commerce.

24.     Defendant SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 711 Second Avenue, New York, NY 10016.

25.     Upon information and belief, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five

hundred thousand dollars ($500,000.00) per year.

26.     Upon information and belief, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

27.     Defendant SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 711 Second Avenue, New York, NY 10016.

28.     Upon information and belief, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

29.     Upon information and belief, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

30.     Defendant SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 711 Second Avenue, New York, NY 10016.

31.     Upon information and belief, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

32.     Upon information and belief, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

33.     Defendant SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 711 Second Avenue, New York, NY 10016.

34.     Upon information and belief, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese

Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

35.     Upon information and belief, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

36.     Defendant SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 711 Second Avenue, New York, NY 10016.

37.     Upon information and belief, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

38.     Upon information and belief, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

39.     Defendant SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 711 Second Avenue, New York, NY 10016.

40.     Upon information and belief, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

41.     Upon information and belief, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

42.     Defendant SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 1413 Second Avenue, New York, NY 10021.

43.     Upon information and belief, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

44.     Upon information and belief, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

45.     Defendant SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 1413 Second Avenue, New York, NY 10021.

46.     Upon information and belief, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

47.     Upon information and belief, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

48.     Defendant SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 1413 Second Avenue, New York, NY 10021.

49.     Upon information and belief SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

50.     Upon information and belief, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

51.     Defendant SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a

principal address at 1413 Second Avenue, New York, NY 10021.

52.    Upon information and belief SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

53.    Upon information and belief, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

54.    Defendant SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 1413 Second Avenue, New York, NY 10021.

55.    Upon information and belief, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

56.    Upon information and belief, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

57.    Defendant NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 1378 Crosby Avenue, Bronx, NY 10461.

58.    Upon information and belief, NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

59.    Upon information and belief, NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant purchased and handled goods moved in interstate commerce.

*Individual Defendants*

60.     The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendants and being among the ten largest corporate shareholders are individually responsible for unpaid wages under the New York Business Corporation Law ("NYBSC") § 630(a).

61.     Defendant XI LIN, known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

62.     Upon information and belief, XI LIN personally, actively, and on a day-to-day basis manages the operations of the corporations doing business as and operating East Palace Chinese

Restaurant at 819 Second Avenue, New York, NY 10017, is the CEO of SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, and was the person who hired Plaintiff.

63.    XI LIN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

64.    Defendant RUI HUA CHEN, known as "Lady Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST

PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East

Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese

Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX

HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness

Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS

MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a

Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88

INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE

RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

65.     Upon information and belief, RUI HUA CHEN personally, actively, and on a day-to-day

basis manages the operations of the corporations doing business as and operating East Palace

Chinese Restaurant at 819 Second Avenue, New York, NY 10017 and Six Happiness Chinese

Restaurant located at 1413 Second Avenue, New York, NY 10021, and is an owner and officer

of EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant.

66.     RUI HUA CHEN acted intentionally and maliciously and is an employer pursuant to

FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well

as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with

EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC.

d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese

Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST

PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

67.    Defendant LAI YIN HO (1) had the power to hire and fire employees, (2) supervised and

controlled employee work schedules and conditions of employment, (3) determined employee

rates and methods of payment, and (4) maintained employee records at EAST PALACE ONE,

INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese

Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST

PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC.

d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness

Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a

Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

68.     Upon information and belief, LAI YIN HO personally, actively, and on a day-to-day basis manages the operations of the corporations doing business as and operating Six Happiness Chinese Restaurant located at 711 Second Avenue, New York, NY 10016 and Six Happiness Chinese Restaurant located at 1413 Second Avenue, New York, NY 10021, and is an owner and Chief Executive Officer of SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant.

69.     LAI YIN HO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

70.    Defendant XUE DU CHEN (1) had the power to hire and fire employees, (2) supervised

and controlled employee work schedules and conditions of employment, (3) determined

employee rates and methods of payment, and (4) maintained employee records at EAST

PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East

Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant,

NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND

AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

71.    Upon information and belief, XUE DU CHEN personally, actively, and on a day-to-day

basis manages the operations of the corporations doing business as and operating Six Happiness

Chinese Restaurant located at 1413 Second Avenue, New York, NY 10021, and is an owner and

officer of SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant.

72.    XUE DU CHEN acted intentionally and maliciously and is an employer pursuant to

FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well

as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with

EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC.

d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese

Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST

PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

73.    Defendant QI YENG LIN (1) had the power to hire and fire employees, (2) supervised

and controlled employee work schedules and conditions of employment, (3) determined

employee rates and methods of payment, and (4) maintained employee records at EAST

PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East

Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant,

NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND

AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

74.     Upon information and belief, QI YENG LIN personally, actively, and on a day-to-day

basis manages the operations of the corporations doing business as and operating Six Happiness

Chinese Restaurant located at 1413 Second Avenue, New York, NY 10021, is an owner and

Chief Executive Officer of SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, and is an owner of and Chairman of the Board for SIX HAPPINESS 73RD INC.

d/b/a Six Happiness Chinese Restaurant.

75.     QI YENG LIN acted intentionally and maliciously and is an employer pursuant to FLSA,

29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as

NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with

EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

76.    Defendant XUE XIAN CHEN (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

77.    Upon information and belief, XUE XIAN CHEN personally, actively, and on a day-to-day basis manages the operations of the corporations doing business as and operating East Palace Chinese Restaurant located at 819 Second Avenue, New York, NY 10017, and is an owner of and the Department of State's contact for serving process upon EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant.

78.    XUE XIAN CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

79.    Defendant MEI QIN WENG (1) had the power to hire and fire employees, (2) supervised

and controlled employee work schedules and conditions of employment, (3) determined

employee rates and methods of payment, and (4) maintained employee records at EAST

PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East

Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant,

NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND

AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

80.    Upon information and belief, MEI QIN WENG personally, actively, and on a day-to-day basis manages the operations of the corporations doing business as and operating Six Happiness Chinese Restaurant located at 711 Second Avenue, New York, NY 10016, and is an owner and Chief Executive Officer of SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant.

81.    MEI QIN WENG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

82.     Defendant XIAN LIN (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

83.     Upon information and belief, XIAN LIN personally, actively, and on a day-to-day basis manages the operations of the corporations doing business as and operating Six Happiness Chinese Restaurant located at 711 Second Avenue, New York, NY 10016, and is an owner of and Chairman of the Board for SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant.

84.     XIAN LIN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL §

2, and regulations promulgated thereunder, and is jointly and severally liable with EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

85.    Defendant JIAN FENG LIN (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

86.     Upon information and belief, JIAN FENG LIN personally, actively, and on a day-to-day

basis manages the operations of the corporations doing business as and operating Six Happiness

Chinese Restaurant located at 711 Second Avenue, New York, NY 10016, and is an owner and

Chief Executive Officer of SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant.

87.     JIAN FENG LIN acted intentionally and maliciously and is an employer pursuant to

FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well

as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with

EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC.

d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese

Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST

PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six

Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

88.     Defendant LIN FUI (1) had the power to hire and fire employees, (2) supervised and

controlled employee work schedules and conditions of employment, (3) determined employee

rates and methods of payment, and (4) maintained employee records at EAST PALACE ONE,

INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese

Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST

PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC.

d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness

Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a

Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC.

d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS

CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

89.     Upon information and belief, LIN FUI personally, actively, and on a day-to-day basis manages the operations of the corporations doing business as and operating Six Happiness Chinese Restaurant located at 1413 Second Avenue, New York, NY 10021, and is an owner and officer of SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant.

90.     LIN FUI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

91.     Defendant FEI LIN (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee

rates and methods of payment, and (4) maintained employee records at EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

92.    Upon information and belief, FEI LIN personally, actively, and on a day-to-day basis manages the operations of the corporations doing business as and operating Six Happiness Chinese Restaurant located at 1413 Second Avenue, New York, NY 10021, and is an owner and officer of SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant.

93.    FEI LIN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant,

NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

94.    Defendant TAN HUI LU (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

95.     Upon information and belief, TAN HUI LU personally, actively, and on a day-to-day basis manages the operations of the corporations doing business as and operating Six Happiness Chinese Restaurant located at 1378 Crosby Avenue, Bronx, NY 10461, and is an owner and Chief Executive Officer of NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant.

96.     TAN HUI LU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with EAST PALACE ONE, INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819 INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant, SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS UPTOWN

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88 INC. d/b/a Six Happiness

Chinese Restaurant, and NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six

Happiness Chinese Restaurant.

97.     Plaintiff has fulfilled all conditions precedent, or such conditions have been waived.

<u>**STATEMENT OF FACTS**</u>

**CORPORATE DEFENDANTS CONSTITUTE AN ENTERPRISE**

98.     At all times relevant herein, EAST PALACE ONE, INC. d/b/a East Palace Chinese

Restaurant, EAST PALACE 43 INC. d/b/a East Palace Chinese Restaurant, EAST PALACE 819

INC. d/b/a East Palace Chinese Restaurant, NEW EAST PALACE REST. INC. d/b/a East Palace

Chinese Restaurant, EAST PALACE 2ND AVE. INC. d/b/a East Palace Chinese Restaurant,

SIX HAPPINESS REST. INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 38

INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 711 INC. d/b/a Six Happiness

Chinese Restaurant, SIX HAPPINESS 74 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS EAST INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS

MIDTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 1413 INC. d/b/a

Six Happiness Chinese Restaurant, SIX HAPPINESS 73RD INC. d/b/a Six Happiness Chinese

Restaurant, SIX HAPPINESS 39 INC. d/b/a Six Happiness Chinese Restaurant, SIX

HAPPINESS UPTOWN INC. d/b/a Six Happiness Chinese Restaurant, SIX HAPPINESS 88

INC. d/b/a Six Happiness Chinese Restaurant, and NEW SIX HAPPINESS CHINESE

RESTAURANT INC. d/b/a Six Happiness Chinese Restaurant constituted an enterprise

(hereinafter "East Palace/Six Happiness") under the FLSA and NYLL, were and continue to be a

single employer with a high degree of interrelated and unified operation, and shared common

management, centralized control of labor relations, common ownership, common control, a common business purpose, and interrelated business goals.

99.     East Palace/Six Happiness is an enterprise engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

100.    East Palace/Six Happiness produces, purchases, and handles goods moved in interstate commerce.

101.    East Palace/Six Happiness has four (4) active restaurant locations in New York City:

      a.     East Palace Chinese Restaurant at 819 Second Avenue, New York, NY 10017;

      b.     Six Happiness Chinese Restaurant at 711 Second Avenue, New York, NY 10016;

      c.     Six Happiness Chinese Restaurant at 1413 Second Avenue, New York, NY 10021; and

      d.     Six Happiness Chinese Restaurant at 1378 Crosby Avenue, Bronx, NY 10461.

102.    East Palace/Six Happiness's, and especially Six Happiness's, focus on branding and uniformity of operations is reflected in the careful consistency of the physical appearance of their retail locations.

103.    East Palace/Six Happiness forms an integrated supply chain, with certain locations specializing in the production of certain menu items which are then shared among, and delivered as if ordered from, all the other locations.

104.    For example, Six Happiness Chinese Restaurant at 1413 Second Avenue specializes in the production of dumplings, while Six Happiness Chinese Restaurant at 711 Second Avenue specializes in the production of roast duck and roast pork buns.

105.    Should management at any one East Palace/Six Happiness need to stock extra materials, or need to fill an order for one of the other location's specialties, employees, including Plaintiff, would be required to transport these materials from location to location.

106.    Upon information and belief, East Palace/Six Happiness share a common management. The most active, hands-on, day-to-day managers at each of the 819 Second Avenue location, the 711 Second Avenue location, and the 1413 Second Avenue location are three brothers, members of the Lin family. The 819 Second Avenue location is primarily operated by the eldest brother XI LIN, the 711 Second Avenue location by the youngest brother, and the 1413 Second Avenue location by the middle brother.

107.    Deliverymen working at East Palace/Six Happiness, including Plaintiff, were frequently called upon to deliver between locations, or to customers who had ordered from a location at which the employee deliveryman did not work, by managers at all four East Palace/Six Happiness locations.

**DEFENDANTS COMMITTED THE FOLLOWING ALLEGED ACTS KNOWINGLY, INTENTIONALLY, AND WILLFULLY AGAINST THE PLAINTIFF, THE FLSA COLLECTIVE, AND THE CLASS**

108.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

109.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

110.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

111.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful spread of hours for workdays that began and ended ten (10) hours apart.

112.    At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

113.    Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

114.    At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiffs and similarly situated employees notice that they were claiming tip credit towards Plaintiffs' and similarly situated employees' minimum wage.

115.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notices in their primary languages reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

116.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with statements every payday in their primary languages that accurately listed all of the following: the dates of work covered by that payment of wages;  the employee's name; the name of the employer;  the address and phone number of the employer;  the employee's rate or rates of pay and basis thereof; the employee's gross wages;   the employee's deductions;  allowances, if any, claimed as part of the minimum wage;  net wages; the employee's regular hourly rate or rates of pay; the employee's overtime rate or rates of pay;

the employee's number of regular hours worked, and the employee's number of overtime hours worked.

117.     Pursuant to 12 NYCRR § 146-2.2 and 29 U.S.C. § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of tip credit.

118.     Defendants knew that the nonpayment of wages for all hours worked and the nonpayment of wages at one and one-half time (1.5x) employees' regular rates would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

119.     At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

**PLAINTIFF RUIXUAN CUI**

120.     From on or about October 1, 2015 to February 28, 2017, Plaintiff RUIXUAN CUI was employed by Defendants to work as a deliveryman out of East Palace, 819 Second Avenue, New York, NY 10017.

121.     At the time he was hired, Plaintiff was not given a written notice in his primary language (Chinese) regarding all of the following items: his rate or rates of pay and basis thereof; allowances claimed as part of the minimum wage;  the regular pay day designated by the employer;  the name of the employer;  any "doing business as" names used by the employer;  the physical and mailing addresses of the employer's main office or principal place of business; and the telephone number of the employer.

122.     From on or about October 1, 2015 to February 28, 2017, Plaintiff's regular work schedule ran:

       a.      From 11:00 to 22:00, eleven (11) hours one (1) day per week;

       b.      From 11:30 to 23:00, eleven and one half (11.5) hours four (4) days per week; and

c.      From 17:30 to 23:30, six (6) hours, on Saturdays

with Fridays off.

123.    From on or about October 1, 2015 to February 28, 2017, in addition to his regular work

schedule, Plaintiff was required to work an additional quarter (0.25) hour five (5) days each

week.

124.    From on or about October 1, 2015 to February 28, 2017, Plaintiff worked sixty-four and

one quarter (64.25) hours per week.

125.    From on or about October 1, 2015 to February 28, 2017, Plaintiff was afforded one two-

hour (2-hour) rest break two (2) days out of each third week.

126.    From on or about October 1, 2015 to February 28, 2017, Plaintiff was afforded two ten-

minute (10-minute) meal breaks each day: lunch at 15:00 and dinner some time in the evening.

127.    From on or about October 1, 2015 to February 28, 2017, Plaintiff was paid at a rate of

one thousand one hundred fifty dollars ($1150.00) per month. Plaintiff was supposed to be paid

for his work over the previous month on the first day of each new month, but each month his pay

was delayed by between seven (7) and ten (10) days.

128.    From on or about October 1, 2015 to February 28, 2017, Defendants failed to provide

Plaintiff with statements every payday that accurately listed all of the following: the dates of

work covered by that payment of wages;  his name; the name of the employer;  the address and

phone number of the employer;  his rate or rates of pay and basis thereof;  his  gross wages;  his

deductions;  allowances, if any, claimed as part of the minimum wage (including tip credits);  net

wages; his regular hourly rate or rates of pay; his overtime rate or rates of pay;  his number of

regular hours worked, and his number of overtime hours worked.

129.    Throughout his employment, Plaintiff was not paid overtime for weeks in which he

worked more than forty (40) hours.

130.     Throughout his employment, Plaintiff was not paid spread of hours for days in which he finished work more than ten (10) hours after he started.

131.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

132.     From on or about October 1, 2015 to February 28, 2017, in addition to delivering orders to customers, Plaintiff was required to spend approximately two hours per day on non-tipped side work.

133.     From on or about May 10, 2017 to July 31, 2017, Plaintiff RUIXUAN CUI was employed by Defendants to work as a deliveryman out of Six Happiness, 711 Second Avenue, New York, NY 10016.

134.     At the time he was hired to work at Six Happiness, Plaintiff was not given a written notice in his primary language (Chinese) regarding all of the following items: his rate or rates of pay and basis thereof;  allowances claimed as part of the minimum wage;  the regular pay day designated by the employer;  the name of the employer;  any "doing business as" names used by the employer;  the physical and mailing addresses of the employer's main office or principal place of business; and the telephone number of the employer.

135.     From on or about May 10, 2017 to July 31, 2017, Plaintiff's regular work schedule ran:

     a.     From 11:30 to 23:00, eleven and one half (11.5) hours three (3) days per week;

     b.     From 10:30 to 22:00, eleven and one half (11.5) hours one (1) day per week;

     c.     From 11:30 to 23:00, eleven and one half (11.5) hours, one (1) day every other week;

d.      From 10:30 to 22:00, eleven and one half (11.5) hours, one (1) day every other

week; and

e.      From 17:00 to 23:00, six (6) hours, on Sundays

with Wednesdays off.

136.    From on or about May 10, 2017 to July 31, 2017, in addition to his regular work

schedule, Plaintiff was required to work an additional quarter (0.25) hour four (4) days each

week.

137.    From on or about May 10, 2017 to July 31, 2017, Plaintiff worked sixty-four and one half

(64.5) hours per week.

138.    From on or about May 10, 2017 to July 31, 2017, Plaintiff was paid at a rate of fifty

dollars ($50.00) per eleven-and-one-half-hour day, and twenty-five dollars ($25.00) per six-hour

day, in cash, at the end of each day.

139.    From on or about May 10, 2017 to July 31, 2017, Defendants failed to provide Plaintiff

with statements every payday that accurately listed all of the following: the dates of work

covered by that payment of wages; his name; the name of the employer; the address and phone

number of the employer; his rate or rates of pay and basis thereof; his  gross wages;  his

deductions;  allowances, if any, claimed as part of the minimum wage (including tip credits);  net

wages; his regular hourly rate or rates of pay; his overtime rate or rates of pay;  his number of

regular hours worked, and his number of overtime hours worked.

140.    Throughout his employment, Plaintiff was not paid overtime for weeks in which he

worked more than forty (40) hours.

141.    Throughout his employment, Plaintiff was not paid spread of hours for days in which he

finished work more than ten (10) hours after he started.

142.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

143.    From on or about October 1, 2015 to February 28, 2017, in addition to delivering orders to customers, Plaintiff was required to spend approximately two hours per day on non-tipped side work.

## COLLECTIVE ACTION ALLEGATIONS

144.    Plaintiff brings this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week (the "Collective Action Members.")

## CLASS ACTION ALLEGATIONS

145.    Plaintiff brings his NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

146.    All said persons, including Plaintiff, are referred to herein as the "Class."

147.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

148.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

### *Commonality*

149.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a.    Whether Defendant employed Plaintiff and the Class members within the meaning of the NYLL;

   b.    Whether Plaintiff and the Class members were entitled to and paid minimum wage under the NYLL;

   c.    Whether Plaintiff and the Class members were entitled to and paid overtime under the NYLL;

   d.    Whether Plaintiff and the Class members were entitled to and paid spread-of-hours pay under the NYLL and NYCRR;

   e.    Whether Defendants maintained a policy, pattern, and/or practice of failing to provide statutory meal periods;

   f.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Class members' employment, or timely thereafter;

   g.    Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiff and the Class members each payday; and

h.      At what common rate, or rates subject to a common method of calculation were

and are Defendants required to pay the Class members for their work.

*Typicality*

150.    Plaintiff's claims are typical of those claims which could be alleged by any member of

the Class, and the relief sought is typical of the relief that would be sought by each member of

the Class in separate actions. All the Class members were subject to the same corporate policies

of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants'

corporate-wide policies and practices affected all Class members similarly, and Defendants

benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff

and other Class members sustained similar losses, injuries, and damages arising from the same

unlawful policies, practices, and procedures.

*Adequacy*

151.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no

interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in representing Plaintiff in both class action and wage-and-hour employment litigation

cases.

*Superiority*

152.    A class action is superior to other available methods for the fair and efficient adjudication

of this controversy, particularly in the context of wage-and-hour litigation where individual Class

members lack the financial resources to vigorously prosecute a lawsuit against corporate

defendants. Class action treatment will permit a large number of similarly-situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expenses that numerous individual actions engender.

Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

153.    Defendants and other employers throughout the state of New York violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **STATEMENT OF CLAIMS**

### **COUNT I.**
**[Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

154.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

155.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly-situated Collective Action Members, for some or all of the hours they worked.

156.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages.

157.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum wage when they knew or should have known that such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

### COUNT II.
### [Violations of the New York Labor Law—Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the Rule 23 Class]

158.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

159.    At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL NYLL §§ 2 and 651.

160.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Class for some or all of the hours they worked.

161.    Defendants knowingly and willfully violated Plaintiff's and similarly-situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

162.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the

shortfall plus interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Nonpayment of Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

163.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

164.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for such employment at a rate not less than one and one-half times (1.5x) the regular rate at which he is employed, or one and one-half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

165.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

166.    Defendants' failure to pay Plaintiff and the FLSA Collective overtime violated the FLSA.

167.    At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

168.    The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

169.    Defendants willfully failed to notify Plaintiff and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiff's and the FLSA Collective Members' labor.

170.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiff and the Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiff and the Collective.

## COUNT IV.
### [Violations of the New York Labor Law—Nonpayment of Overtime Brought on behalf of the Plaintiff and the Rule 23 Class]

171.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

172.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

173.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one-half times (1.5x) Plaintiff's and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

174.    Defendants' failure to pay overtime violated the NYLL.

175.    Defendants' failure to pay overtime was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Failure to Pay Spread of Hours Brought on behalf of Plaintiff and Rule 23 Class]

176.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

177.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and 12 NYCRR § 146-1.6.

178.    Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and Rule 23 Class]

179.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

180.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

181.    Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiffs and the Rule 23 class work or worked.

182.    Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

183.    Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

184.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

185.    Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by 12 NYCRR § 146-2.1.

186.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

187.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

188.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

### COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]

189.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

190.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

191.     Defendants intentionally failed to provide notice to employees in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

192.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to

provide notice to Plaintiff even after the fact.

193.    Due to Defendants' violations of New York Labor Law, each Plaintiffs is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. NYLL § 198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Pay Stub
### Brought on behalf of Plaintiff and Rule 23 Class]

194.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

195.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

196.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

197.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiffs together with costs and attorneys' fees pursuant to New York Labor Law. NYLL §198(1-d).

## COUNT X.
### [Violations of the Internal Revenue Code—Fraudulent Filing of IRS Returns
### Brought on behalf of the Plaintiff]

198.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

199.    26 USC § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring

SEG

a civil action for damages against the person so filing such a return.

200.    Due to Defendants' violations of 26 USC § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XI.
### [Violations of the New York General Business Law—Deceptive Acts and Practices Brought on behalf of the Plaintiff]

201.    Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

202.    NY General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

203.    Due to Defendants' violations of NYGBS § 349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

204.    Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporations to recover wages owed as employees of the corporations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

   a.        Certification of this case as a collective action pursuant to FLSA;

b.      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

c.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d.      An injunction against Corporate Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e.      An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours due to Plaintiff and the Collective under FLSA, and to Plaintiff and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h.      Reimbursement of reasonable out-of-pocket costs sustained by Plaintiff and similarly situated delivery couriers in the purchase, maintenance, and repair of their delivery vehicles in direct service of Defendants;

i.      An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

j.      The costs and disbursements of this action;

k.      An award of prejudgment and post-judgment interest;

l.      Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal with no appeal then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

m.      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: September 3, 2017          TROY LAW, PLLC
       Flushing, NY               *Attorneys for the Plaintiff, proposed FLSA*
                                  *Collective and potential Rule 23 Class*


                                   /s/ John Troy_____
                                  John Troy (JT 0481)
                                  41-25 Kissena Boulevard, Suite 119
                                  Flushing, NY 11355
                                  Tel (718) 762-1324
                                  johntroy@troypllc.com