UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RUIXUAN CUI, *individually*
*and on behalf of others similarly situated*,

Plaintiff,

vs.

EAST PALACE ONE, INC. d/b/a East Palace, EAST PALACE 43 INC. d/b/a East Palace, EAST PALACE 819 INC. d/b/a East Palace, NEW EAST PALACE REST. INC. d/b/a East Palace, EAST PALACE 2ND AVE. INC. d/b/a East Palace, SIX HAPPINESS REST. INC. d/b/a Six Happiness, SIX HAPPINESS 38 INC. d/b/a Six Happiness, SIX HAPPINESS 711 INC. d/b/a Six Happiness, SIX HAPPINESS 74 INC. d/b/a Six Happiness, SIX HAPPINESS EAST INC. d/b/a Six Happiness, SIX HAPPINESS MIDTOWN INC. d/b/a Six Happiness SIX HAPPINESS 1413 INC. d/b/a Six Happiness, SIX HAPPINESS 73RD INC. d/b/a Six Happiness, SIX HAPPINESS 39 INC. d/b/a Six Happiness, SIX HAPPINESS UPTOWN INC. d/b/a Six Happiness, SIX HAPPINESS 88 INC. d/b/a Six Happiness, NEW SIX HAPPINESS CHINESE RESTAURANT INC. d/b/a Six Happiness, XI LIN, RUI HUA CHEN, LAI YIN HO, XUE DU CHEN, QI YENG LIN, XUE XIAN CHEN, MEI QIN WENG, XIAN LIN, JIAN FENG LIN, LIN HUI, FEI LIN, and TAN HUI LU

Defendants,
------------------------------------------------------------------------ x

Case No. 17-CV-6713

**MEMORANDUM OF LAW**

**<u>MEMORANDUM OF LAW IN IN SUPPORT OF DEFENDANTS' F.R.C.P RULE 12(C) MOTION ON PLEADINGS</u>**

Law Office of Z. Tan PLLC
Bingchen Li (BL4750)
Attorney for Defendants
110 E. 59th Street, Suite 3200
New York, New York 10022
Phone: (212) 593-6188
Fax:    (888) 306-8666
Email: eric.li@ncny-law.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITY**............................................................................................................**3**
**PRELIMINARY STATEMENTS**................................................................................................**4**
**STATEMENT OF FACTS**............................................................................................................**4**
**ARGUMENTS** ................................................................................................................................**5**
   13**CONCLUSION**........................................................................................................................**13**

# TABLE OF AUTHORITIES

**Case Law**

In re Thelen LLP, 736 F.3d 213 (2d Cir. 2013) ……………………………………......6

Herman v. RSR Sec. Services Ltd., 172 F.3d 132 (2d Cir. 1999) …………………….…..6

Carter v. Dutchess Community College, 735 F.2d 8 (2d Cir 1984) ……..…………….6, 7

Irizarry v. Catsimatidis, 722 F.3d 99 (2d Cir. 2013) ……………………………………..6, 7

Ashcroft v. Iqbal, 556 U.S. 662 (1937) …………………………………………………7, 10

Graziano v. Pataki, 689 F.3d 110 (2d Cir. 2012) ………………………………………...7

Gal v. Viacom Int'l, Inc., 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) …………………..12

Jacques v. Dimarzio, 216 F. Supp. 2d 139, 143 110 (E.D.N.Y 2002) ………………….12

**Statutes**

F.R.C.P. Rule 12(c) …………………………….…………………………………………...5

F.R.C.P. Rule 11 ……………………………………………………………………………...12

**PRELIMINARY STATEMENTS**

The corporate defendants, EAST PALACE ONE, INC., EAST PALACE 43 INC., EAST PALACE 819 INC., EAST PALACE 2ND AVE. INC., SIX HAPPINESS REST. INC., SIX HAPPINESS 38 INC., SIX HAPPINESS 711 INC., SIX HAPPINESS 74 INC., SIX HAPPINESS 1413 INC., SIX HAPPINESS 39 INC., SIX HAPPINESS UPTOWN INC., SIX HAPPINESS 88 INC., SIX HAPPINESS 73RD INC. (hereinafter the "Corporate Movant"), and the individual defendants RUI HUA CHEN, LAI YIN HO, XUE XIAN CHEN, MEI QIN WENG, and JIAN FENG LIN (hereinafter the "Individual Movants") (collectively the "Movants"), by Bingchen Li, Esq., their attorney of record, respectfully submit this Memorandum of Law in support of their F.R.C.P Rule 12(c) motion on pleadings to dismiss all claim against the Movants.

The Movants will demonstrate below that Plaintiff fail to make sufficient, if any, factually plausible allegations in the complaint to state a claim against the Movants.

Accordingly, the Movants respectfully request that this Court grant the Movants' Rule 12(c) motion in its entirety and whatever other and further relief deemed just and proper.

**STATEMENT OF FACTS**

Plaintiff commenced this action and filed with this Court a complaint on September 3, 2017. Defendants responded by filing an answer with affirmative defenses on November 30, 2017. On June 29, 2018, parties entered into a stipulation of conditional certification for all deliverymen who had worked for Six Happiness restaurant located at

4

711 Second Avenue, New York, NY 10016 and East Palace restaurant located at 819 Second Avenue, New York, NY 10017. It is worth noting that Plaintiff did not insist on the inclusion of deliverymen worked at the Six Happiness restaurant located at 1413 Second Avenue, New York, NY 10021. Defendants Tan Hui Lu and New Six Happiness Chinese Restaurant, who are both allegedly related to a Six Happiness restaurant located at 1378 Crosby Avenue, Bronx, NY 10461 are not represented and have not appeared in this action, but Plaintiff has not sought default against them.

The entire complaint is almost completely devoid of any allegation against the Movants (See Complaint, ECF 1 ("Compl.")). Plaintiff made form allegations that each corporate defendant, including all Corporate Movants, operated one or more restaurant and collectively constitute an enterprise. Plaintiff also made form allegations that each individual defendant is an officer, director, manager, majority shareholder and/or owner of all corporate defendants and all defendants have acted intentionally and maliciously (See Compl., ¶¶ 9-98).

However, Plaintiff' allegations are unsubstantiated and without any factual support against the Movants. Plaintiff's claims against the Movants must be dismissed.

## ARGUMENTS

Timing of the Motion

Under F.R.C.P Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

Plaintiff submitted a complaint in September 3, 2017, to which the Movants submitted an answer with affirmative defenses in response on November 30, 2017. The Movants first submitted a pre-motion letter to this Court on June 13, 2018

5

requesting a leave to file the instant motion. At the time, parties just tentatively stipulated to the conditional certification for all deliverymen and had not completed any discovery. Subsequently, parties made two requests to extend discovery, first of which was granted to extend the discovery deadline to November 28, 2018 and the second of which was denied. However, this Court did extend the discovery to January 31, 2019. So far, parties have conducted limited discovery, but have deposed neither plaintiff nor defendants. Therefore, the instant motion is hereby submitted early enough not to delay trial OR cause any prejudice against Plaintiff. In any event, the Movants first submitted a pre-motion letter to this Court on June 13, 2018 and should be allowed to move for judgment on pleadings.

Legal Standard

In deciding Rule 12(c) motions, the Court may "consider only the complaint itself and documents that are attached to it, incorporated by reference, or on which the complaint heavily relies." In re Thelen LLP, 736 F.3d 213, 219 (2nd Cir. 2013). There is no relevant exhibit or attachment to the complaint. However, it seems that Plaintiff heavily relies on the corporate records from New York Department of State to identify the defendants. Therefore, the Movants hereby provide these record as exhibits to an Attorney Affirmation for this Court's reference.

"To be held liable under the FLSA, a person must be an 'employer'." Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999). "It is common ground that courts, in determining whether an employment relationship exists for purpose of the FLSA, must evaluate the 'economic reality' of the relationship." Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir 1984). "[T]he determination of whether an

employer-employee relationship exists for purpose of the FLSA [is] grounded in economic reality rather than technical concepts." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013). "The 'economic reality' test since has been refined and now is understood to include inquiries into: 'whether the alleged employer (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules or condition of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Carter 735 F.2d at 12.

   Granted, Plaintiffs did make a full and accurate recital of the four Carter elements against the Movant. However, the threshold question is, disregarding legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusive statements" Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937), whether the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012). "A claim has factual plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.

Corporate Movants

   If we apply Ashcroft and stripping all the "legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusive statement" Ashcroft, 556 U.S. at 678, it should be indisputable that the complaint would be left with no substantiated factual allegation concerning employment relationship against any Corporate Movant. All the purported allegations are against restaurants, rather than the corporation(s) managing the restaurants. Granted, Plaintiff may not have

7

information regarding the relationships between the restaurants and the operating corporation(s). However, it is simple bad faith for Plaintiff to bring into this action corporations that were dully dissolved a long time ago and no longer in existence. Plaintiff's counsel tried to argue during a court conference on September 4, 2018 that these dissolved corporation might still be liable if there were opt-in plaintiffs. The opt-in period has since expired, but there is no opt-in plaintiff.

Plaintiff was allegedly employed at East Palace Restaurant at 819 Second Avenue from October 1, 2015 to February 28, 2017. Therefore, the following Corporate Movants should be dismissed because, in addition to Plaintiff's failure to substantiate any claim against them, they were either dissolved before Plaintiff first commenced his employment at East Palace or were formed after Plaintiff is no longer employed at East Palace:

1. East Palace One Inc. – Dissolved on January 5, 2012 (See Exhibit "A");
2. East Palace 43 Inc. – Dissolved on October 14, 2014 (See Exhibit "B");
3. East Palace 819 Inc. – Dissolved on July 14, 2015 (See Exhibit "C"); and
4. East Palace 2nd Ave., Inc – Formed on July 18, 2017 (See Exhibit "D").

Plaintiff was allegedly employed at Six Happiness Restaurant at 711 Second Avenue from May 10, 2017 to July 31, 2017. Therefore, the following Corporate Movants should be dismissed because, in addition to Plaintiff's failure to substantiate any claim against them, they were all dissolved before the Plaintiff first commenced his employment at Six Happiness:

5. Six Happiness Rest. Inc. – Dissolved on January 18, 2012 (See Exhibit "E");

6. Six Happiness 38 Inc. – Dissolved on August 19, 2013 (See Exhibit "F");

7. Six Happiness 1413 Inc. – Dissolved on September 13, 2013 (See Exhibit "G");

8. Six Happiness 711 Inc. – Dissolved on March 18, 2016 (See Exhibit "H");

9. Six Happiness 73rd Inc. – Dissolved on March 21, 2016 (See Exhibit "I");

10. Six Happiness 39 Inc. – Dissolved on August 23, 2016 (See Exhibit "J"); and

11. Six Happiness 74 Inc. – Dissolved on August 23, 2016 (See Exhibit "K").

In addition, it is worth noting that the conditional certification stipulated by the parties does not include any employee at Six Happiness located at 1413 Second Avenue. Essentially it is Plaintiff's own admission that he does not have personal knowledge regarding the management and/or employment relationship at Six Happiness located at 1413 Second Avenue. Therefore, the following Corporate Movants should be dismissed because, in addition to Plaintiff's failure to substantiate any claim against them, they were allegedly operating Six Happiness at 1413 Second Avenue.:

12. Six Happiness 1413 Inc. (See Compl. ¶¶ 42-44 and Plaintiff's Letter to Court dated December 21, 2018, ECF 64 ("P's Letter") Page. 2);

13. Six Happiness 73rd Inc. (See Compl. ¶¶ 45-47 and P's Letter, Page. 2);

14. Six Happiness 39 Inc. (See Compl. ¶¶ 48-50 and P's Letter, Page. 2);

15. Six Happiness Uptown Inc. (See See Exhibit "L," Compl. ¶¶ 51-53 and P's Letter, Page. 3); and

16. Six Happiness 88 Inc. (See See Exhibit "M," Compl. ¶¶ 54-56 and P's Letter, Page. 3).

Individual Movants

Similarly, it should be indisputable that the complaint, after applying Ashcroft, would be left with no substantiated factual allegation concerning employment relationship against any Individual Movant.

Plaintiff fails to identify any Individual Movant in his allegations regarding his employment at East Palace and Six Happiness (See Compl., ¶¶ 120-143). Rather, it seems to be Plaintiff's counsel's decision to sue some many innocent individuals simply because their names somehow appear in public records of numerous dissolved corporations.

Even if we assume Plaintiff' allegations are true, taken as a whole, they would mean 1) Lai Yin Ho, Mei Qin Weng, Xian Lin, and Jian Feng Lin "personally, actively, and on a day-to-day basis manages the operations of … Six Happiness Chinese Restaurant located at 711 Second Avenue…;" 2) Rui Hua Chen, Lai Yin Ho, Du Xue Chen, Qi Yeng Lin, Hui Lin, and Fei Lin "personally, actively, and on a day-to-day basis manages the operations of … Six Happiness Chinese Restaurant located at 1413 Second Avenue…;" and 3) Xi Lin, Rui Hua Chen, and Xue Xian Chen "personally, actively, and on a day-to-day basis manages the operations of … East Palace Restaurant located at 819 Second Ave…" (See Compl., ¶¶ 62, 65, 68, 71, 74, 77, 80, 83, 86, 89, 92). It would then lead to an absurd conclusion that during Plaintiff's employment there were as many as six individuals who were "personally, actively, and on a day-to-day basis manages the operation of " the restaurant. These are small takeout restaurants.

Furthermore, Plaintiff admitted that these restaurants were managed by three brothers, members of the Lin family, rather than managed by committee (See Compl., ¶106).

Accordingly, as a result of the dismissal of the Corporate Movants, the only links between the Individual Movants and this action, and Plaintiff's failure to substantiate any claim against the Individual Movants, the following Individual Movants should be dismissed:

1. Lai Yin Ho – The only link Ms. Ho has to this action is the public corporate record of Six Happiness 73rd Inc. (See Exhibit I). If we dismiss Six Happiness 73rd Inc., we should also dismiss Ms. Ho;

2. Jian Feng Lin – The only link Mr. Lin has to this action is the public corporate record of Six Happiness 711 Inc. (See Exhibit H). If we dismiss Six Happiness 711 Inc., we should also dismiss Mr. Lin;

3. Xue Xian Chen – The only link Mr. Chen has to this action is the public corporate record of East Palace 2nd Ave., Inc. (See Exhibit D). If we dismiss East Palace 2nd Ave., Inc., we should also dismiss Mr. Chen. In addition, Mr. Chen is only designated as a person to receive DOS process service. He should be dismissed outright; and

4. Mei Qin Weng – The only link Ms. Weng has to this action is the public corporate record of Six Happiness Rest. Inc. (See Exhibit A). Six Happiness Rest. Inc. was located at 198 Canal Street, Suite 601, New York, NY 10013 and was dissolved on January 18, 2012. If we dismiss Six Happiness Rest. Inc., we should also dismiss Ms. Weng; and

     5. Rui Hua Chen – There is no discernable link between Ms. Chen and any corporate defendant.

<u>Sanction</u>

At the conference on September 4, 2018, Plaintiff was given an opportunity to amend the complaint (See ECF 55) and was given another opportunity dismiss innocent parties by this Court's order on December 21, 2018 (See ECF 61). At this moment, at least part of the complaint is frivolous. Plaintiff's insistence not to dismiss these frivolous claims are for the sole purpose of harassing and damaging the defendants for the plaintiff's own financial gain. In addition, the time and efforts Defendants have devoted to this motion practice, together with numerous letters to the Court, have led to significant litigation cost unnecessarily. Therefore, Plaintiff and his counsel may be subject to Fed. R. Civ. P. Rule 11 sanction. See e.g. <u>Gal v. Viacom Int'l, Inc.</u>, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) ("To avoid the risk of sanctions, an attorney filing a complaint must undertake reasonable inquiry to ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose.") and <u>Jacques v. Dimarzio</u>, 216 F. Supp. 2d 139, 143 (E.D.N.Y. 2002) (Rule 11 is violated where it is patently clear that a claim has absolutely no chance of success). Accordingly, we respectfully request an order sanctioning Plaintiff and his counsel and granting attorney's fee and other costs to Defendants.

Defendants hereby serve Plaintiff and Plaintiff's counsel with a Rule 11 notice (See Exhibit "N") if this Court prefer a separate motion.

## **CONCLUSION**

Plaintiffs have failed to make any allegation beyond conclusory and boilerplate statements to support an inference that the Movants are an employer within the meaning of the FLSA. Accordingly, this Court should grant the Movants' motion it its entirety. In addition, Plaintiff and his counsel's refusal to dismiss frivolous claims dispute given ample opportunities to do so is sanctionable. Accordingly, this Court should grant Defendants attorney's fee and other relate cost in connection with this instant motion.

**WHEREFORE**, Defendant respectfully request that this Court to

(1) Grant the Corporate Movants' motion to dismiss all claims against them,

(2) Grant the Individual Movants' motion to dismiss all claims against them,

(3) Grant Defendants' attorney's fee, and

(4) Grant whatever other and further relief this Court deems just, proper and equitable.

Dated: New York, New York
December 21, 2018

                                      Law Office of Z. Tan PLLC

                                      By: s/Bingchen Li
                                              Bingchen Li (BL4750)
                                              110 East 59th Street, Suite 3200
                                              New York, New York 10022
                                              Phone: (212) 593-6188
                                              Fax:     (888) 306-8666
                                              Email:  eric.li@ncny-law.com
                                              *Attorney for Defendants*