UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUIXUAN CUI, on behalf of himself and
others similarly situated,

                           Plaintiff,

            - against -

EAST PALACE ONE, INC. d/b/a East
Palace Chinese Restaurant, EAST PALACE
43 INC. d/b/a East Palace Chinese
Restaurant, EAST PALACE 819 INC. d/b/a
East Palace Chinese Restaurant, NEW EAST
PALACE REST. INC. d/b/a East Palace
Chinese Restaurant, EAST PALACE 2ND
AVE. INC. d/b/a East Palace Chinese
Restaurant, SIX HAPPINESS REST.
INC. d/b/a Six Happiness Chinese
Restaurant, SIX HAPPINESS 38 INC. d/b/a
Six Happiness Chinese Restaurant, SIX
HAPPINESS 711 INC. d/b/a Six Happiness
Chinese Restaurant, SIX HAPPINESS 74
INC. d/b/a Six Happiness Chinese
Restaurant, SIX HAPPINESS EAST
INC. d/b/a Six Happiness Chinese
Restaurant, SIX HAPPINESS MIDTOWN
INC. d/b/a Six Happiness Chinese
Restaurant, SIX HAPPINESS 1413 INC.
d/b/a Six Happiness Chinese Restaurant, SIX
HAPPINESS 73RD INC. d/b/a Six
Happiness Chinese Restaurant,
SIX HAPPINESS 39 INC. d/b/a Six
Happiness Chinese Restaurant, SIX
HAPPINESS UPTOWN INC., d/b/a Six
Happiness Chinese Restaurant, SIX
HAPPINESS 88 INC. d/b/a Six Happiness
Chinese Restaurant, NEW SIX HAPPINESS
CHINESE RESTAURANT INC. d/b/a Six
Happiness Chinese Restaurant, XI LIN, RUI
HUA CHEN, LAI YIN HO, XUE DU
CHEN, QI YENG LIN, XUE XIAN CHEN,
MEI QIN WENG, XIAN LIN, JIAN FENG
LIN, LIN FUI, FEI LIN, and TAN HUI LIN,

                           Defendants.

**ORDER**

17 Civ. 6713 (PGG)

Plaintiff Ruixuan Cui brings this putative collective and class action against numerous individuals and corporate entities associated with East Palace Chinese Restaurant and Six Happiness Chinese Restaurant, for which Cui once worked as a deliveryman. On a collective and class basis, Cui alleges myriad violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On an individual basis, Cui alleges violations of Section 349 of the New York General Business Law (the "GBL") and the Internal Revenue Code. Certain of the individual and corporate defendants (collectively, the "Moving Defendants") have moved for judgment on the pleadings, and for Rule 11 sanctions. For the reasons stated below, the Moving Defendants' motion for judgment on the pleadings will be granted in part and denied in part, and the Moving Defendants' motion for sanctions will be denied.

## **BACKGROUND**

### I.   **FACTS**[1]

Plaintiff Cui worked as a deliveryman for East Palace Chinese Restaurant at 819 Second Avenue in Manhattan from October 1, 2015 to February 28, 2017. He worked in the same capacity for Six Happiness Chinese Restaurant at 711 Second Avenue in Manhattan from May 10, 2017 to July 31, 2017. (Cmplt. (Dkt. No. 1) ¶¶ 120, 133)

During his employment at each restaurant, Plaintiff's regular work schedule required him to work six days per week, for 11 or 11.5 hours each day five days per week, and for six hours on Saturdays. He was also required to work an additional fifteen minutes each day

---

[1]  Unless otherwise noted, the following facts are drawn from the Complaint, and are presumed true for purposes of resolving the Moving Defendants' motion for judgment on the pleadings. See End Line Inv'rs, Ltd. v. Wells Fargo Bank, N.A., No. 16 CIV. 7009 (PGG), 2018 WL 3231649, at *1 (S.D.N.Y. Feb. 27, 2018) (citing Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007)).

five days per week. Plaintiff also spent approximately two hours of each day on "untipped side work," rather than his typical delivery work. At East Palace Chinese Restaurant, Cui was paid $1150 per month; at Six Happiness Chinese Restaurant, he was paid $50 per day, except for days on which he worked six hours, when he was paid $25 per day. (Id. ¶¶ 122, 123, 127, 132, 135, 136, 138)

Plaintiff alleges that he was not paid the minimum wage, overtime, or spread of hours pay at either restaurant. Moreover, the restaurants did not keep time records, provide meal periods, or provide time-of-hire wage notices, or pay stubs. (See id. ¶¶ 121-143)

According to Plaintiff, the two restaurants at which he was employed – along with two other restaurants, Six Happiness Chinese Restaurant at 1413 Second Avenue, and Six Happiness Chinese Restaurant at 1378 Crosby Avenue in the Bronx – are closely connected. The four restaurants have a "consistent[] . . . physical appearance," and an "integrated supply chain, with certain locations specializing in the production of certain menu items[,] which are . . . shared among, and delivered as if ordered from, all the other locations." For example, the 1413 Second Avenue location of Six Happiness Chinese Restaurant specializes in dumplings, while the 711 Second Avenue location specializes in duck and pork buns. (Id. ¶¶ 102-04) Deliverymen – including Plaintiff – who are assigned to one location frequently deliver food to customers who have ordered from a different location. Deliverymen also transport materials from one restaurant to another. (Id. ¶¶ 105, 107)

Plaintiff also alleges that all four restaurants share common management: "[t]he most active, hands-on, day-to-day managers" at the 819 Second Avenue, 711 Second Avenue, and 1413 Second Avenue locations are "three brothers" – members of a family surnamed Lin. The 819 Second Avenue location is managed primarily by the oldest brother, Xi Lin; the 1413

3

Second Avenue restaurant is managed by the next-eldest brother; and the 711 Second Avenue restaurant is managed by the youngest brother. (Id. ¶ 106)

The Complaint further alleges that the four restaurants are operated by a number of related corporate entities, all of which are named as defendants in this case. One group of these entities – East Palace One, Inc., East Palace 43 Inc., East Palace 819, Inc., New East Palace Rest. Inc., and East Palace 2nd Ave. Inc. – consists of New York corporations with a principal place of business at 819 Second Avenue in Manhattan, all of which are doing business as East Palace Chinese Restaurant. (Cmplt. (Dkt. No. 1) ¶¶ 9, 12, 15, 18, 21) A second group – Six Happiness Rest. Inc., Six Happiness 38 Inc., Six Happiness 711 Inc., Six Happiness 74, Inc. Six Happiness East Inc., and Six Happiness Midtown Inc. – consists of New York corporations with a principal place of business at 711 Second Avenue in Manhattan, all of which are doing business as Six Happiness Chinese Restaurant. (Id. ¶¶ 24, 27, 30, 33, 36, 39) A third group – Six Happiness 1413 Inc., Six Happiness 73rd Inc., Six Happiness 39 Inc., Six Happiness Uptown Inc., and Six Happiness 88 Inc. – consists of New York corporations with a principal place of business at 1413 Second Avenue in Manhattan. These entities also do business as Six Happiness Chinese Restaurant. Finally, New Six Happiness Chinese Restaurant Inc. – a New York corporation with its principal place of business at 1378 Crosby Avenue in the Bronx – also does business as Six Happiness Chinese Restaurant. (Id. ¶¶ 42, 45, 48, 51, 54, 57)

According to Plaintiff, these seventeen corporate entities constitute an enterprise – "East Palace/Six Happiness" – under the FLSA and NYLL. They "were and continue to be a single employer with a high degree of interrelated and unified operation, and share[] common management, centralized control of labor relations, common ownership, common control, a common business purpose, and interrelated business goals." (Id. ¶ 98)

4

The Complaint also names as defendants twelve individuals – Xi Lin, Rui Hua Chen, Lai Yin Ho, Xue Du Chen, Qi Yeng Lin, Xue Xian Chen, Mei Qin Weng, Xian Lin, Jian Feng Lin, Lin Fui, Fei Lin, and Tan Hui Lu.  Plaintiff alleges that the individual defendants are affiliated with the corporate entities referenced above, and "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records" at each of the seventeen Defendant corporate entities.  (Id. ¶¶ 61, 64, 67, 70, 73, 76, 79, 82, 85, 88, 91, 94)

According to Plaintiff, four of the individual defendants – Lai Yin Ho, Mei Qin Weng, Xian Lin, and Jian Feng Lin – "personally, actively, and on a day-to-day basis manage[] the operations of the corporations doing business as, and operating Six Happiness Chinese Restaurant at 711 Second Avenue."  (Id. ¶¶ 68, 80, 83, 86)  Six individual defendants – Rui Hua Chen, Lai Yin Ho, Xue Du Chen, Qi Yeng Lin, Lin Fui, and Fei Lin – manage the operations of the corporations doing business as, and operating, Six Happiness Chinese Restaurant at 1413 Second Avenue."  (Id. ¶¶ 65, 68, 71, 74, 89, 92)  Three other individual defendants – Xi Lin, Rui Hua Chen, and Xue Xian Chen – manage the operations of the East Palace entities located at 819 Second Avenue.  (Id. ¶¶ 62, 65, 77)  Finally, Tan Hui Lu manages the Six Happiness Chinese Restaurant located at 1378 Crosby Avenue in the Bronx.  (Id. ¶ 95)  Plaintiff also alleges that each of the individual defendants is an owner or officer of at least one of the Defendant corporate entities.[2]

---

[2]  According to the Complaint, Lai Yin Ho, Qi Yeng Lin, Xue Du Chen, Lin Fui, and Fei Lin are all owners and officers of Six Happiness 73rd Inc.: Ho is the chief executive officer, and Qi Yeng Lin is chairman of the board. (Cmplt. (Dkt. No. 1) ¶¶ 68, 71, 74, 89, 92)  Xi Lin and Xian Lin are owners and officers of Six Happiness 38 Inc; Xi Lin is the chief executive officer, and Cian Lin is chairman of the board.  (Id. ¶¶ 62, 83). Mei Qin Weng is an owner and the chief

The Complaint alleges that the corporate and individual defendants knowingly and willfully failed to pay Plaintiff and all similarly situated restaurant deliverymen the minimum wage, overtime, and spread of hours pay; failed to provide meal periods; and failed to keep time records, provide wage notices, or provide pay stubs to the deliverymen. (Id. ¶¶ 108-16)

## II.   PROCEDURAL HISTORY

The Complaint was filed on September 3, 2017, and names as defendants the seventeen corporate entities and twelve individuals discussed above. The action is brought as a putative collective and class action. Plaintiff's proposed collective is comprised of "all other current and former non-exempt employees who have been or were employed by Defendants for up to the last three years . . . and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) [hours] per week." (Id. ¶ 144) The proposed class consists of "all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case." (Id. ¶ 145)

On behalf of the putative collective and class, Plaintiff Cui asserts claims under the FLSA and NYLL for failure to pay the minimum wage, failure to pay overtime, failure to pay spread of hours, failure to provide meal periods, failure to keep records, failure to provide time of hire wage notices, and failure to provide pay stubs. (See id. ¶¶ 154-97) Plaintiff also asserts claims – solely on behalf of himself – for violations of the Internal Revenue Code and the New

---

executive officer of Six Happiness Rest. Inc. (Id. ¶ 80) Jian Feng Lin is an owner and chief executive officer of Six Happiness 711 Inc. (Id. ¶ 86) Rua Hua Chen is an owner and officer of East Palace 819 Inc. (Id. ¶ 65) Xue Xian Chen is an owner of East Palace 2nd Ave. Inc. (Id. ¶ 77) Tan Hui Li is an owner and the chief executive officer of New Six Happiness Restaurant Inc. (Id. ¶ 95)

York General Business Law. (Id. ¶¶ 198-204)  On December 12, 2017, this Court referred this action to Magistrate Judge Freeman for general pretrial.  (Order of Reference (Dkt. No. 29))

On June 29, 2018, Judge Freeman entered a stipulation and order for conditional certification of the proposed collective action, and directed Defendants to furnish Plaintiff's counsel with a list of the names and addresses of all deliverymen employed at the East Palace Chinese Restaurant at 819 Second Avenue or the Six Happiness Chinese Restaurant at 711 Second Avenue from September 3, 2014 through the present.  Judge Freeman also directed Plaintiff to publish a notice of pendency and consent to join the collective action to the deliverymen on that list.[3]  (See Stip. & Order (Dkt. No. 47); Notice of Pendency (Dkt. No. 48))[4] Plaintiff published the Notice of Pendency to the deliverymen on the list on August 10, 2018. The deadline for opting in to the collective action is October 16, 2018.  (Aug. 15, 2018 Pltf. Ltr. (Dkt. No. 51))

On August 30, 2018, this Court conducted a conference concerning defense counsel's request for permission to move for judgment on the pleadings – pursuant to Fed. R. Civ. P. 12(c) – on behalf of all represented individual defendants and ten of the corporate defendants.  (June 13, 2018 Def. Ltr. (Dkt. No. 43))  Counsel asserted that the Complaint "is devoid of any substantive allegations against any defendant," and that six of the corporate defendants – East Palace One, Inc., East Palace 43, Inc., East Palace 819, Inc., Six Happiness Rest. Inc., Six Happiness 38 Inc., and Six Happiness 1413 Inc. – "were dissolved long before Plaintiff was allegedly employed by the defendants."  (Id.)  At the conference, the Court and the

---

[3] Neither the Stipulation and Order, nor the Notice of Pendency, addresses deliverymen who worked at the restaurants located at 1413 Second Avenue or 1378 Crosby Avenue.

[4] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

parties agreed to revisit the issues raised in defense counsel's pre-motion letter after October 16, 2018, the opt-in deadline. (See Aug. 30, 2018 Conf. Tr. (Dkt. No. 79) at 6)  In response to defense counsel's claim that the Complaint was insufficient, however, the Court told Plaintiff's counsel that the Complaint required additional factual allegations.  The Court gave Plaintiff leave to amend, and set a deadline of September 13, 2018 for any amended complaint.[5]  (Order (Dkt. No. 54))

Plaintiff did not file an amended complaint.[6]  On October 31, 2018, the represented defendants renewed their request to file a motion for judgment on the pleadings. (Oct. 31, 2018 Def. Ltr. (Dkt. No. 56))  Plaintiff opposed the request, noting that "[s]ince the [FLSA] . . . allows [a] collective action to date back three (3) years prior to the filing of a lawsuit . . . any person who was [similarly situated to] Plaintiff[] and worked for any of the . . . restaurants since September 3, 2014[] [is] entitled to join the lawsuit. . . ."  (Nov. 23, 2018 Ltr. (Dkt. No. 57))

The Court then directed Plaintiff to disclose whether anyone had opted in to the action.  Plaintiff informed the Court that – other than Cunming Dong, who became a party-plaintiff on May 14, 2018 (see Dkt. No. 36) – there were "no new Opt-in Plaintiffs in this case." (Order (Dkt. No. 58); Dec. 6, 2018 Pltf. Ltr. (Dkt. No. 60))  The Court then inquired "whether Plaintiff consents to dismissal of his claims against the [dissolved] corporate Defendants, given

---

[5] The Court said the following to Plaintiff's counsel about the Complaint's deficiencies:  "[L]et me say to you, Mr. Troy, that I've done some review of the law, and generally speaking, you['ve] got to put a little more meat on the bones.  It's not enough to group six people together and say they all had hiring and firing power, they all were supervisors, etc.  In my judgment, you have to provide us with a little more factual detail.  What I think makes sense here . . . is to give the plaintiff an opportunity to amend . . . to add additional factual allegations addressing the general conclusions [alleged in the Complaint]."  (Aug. 30, 2018 Conf. Tr. (Dkt. No. 79) at 7-8)

[6] According to Plaintiff, "after careful consideration, . . . Plaintiff[] [concluded] that there was no need to file an amended complaint."  (Nov. 23, 2018 Pltf. Ltr. (Dkt. No. 57) at 2)

that no additional plaintiffs have opted in to this action." Plaintiff responded that he "would not

consent to dismissal." (Order (Dkt. No. 61); Dec. 21, 2018 Pltf. Ltr. (Dkt. No. 64) at 1

(emphasis in original))

By way of explanation, Plaintiff produced a chart "of which corporations were

operating, under which [Defendant] officers, at which locations and at which times." (Id. at 1-2)

Plaintiff's chart reflects the following information[7]:

| Address | Corporate Entity | Dates Active | Officers |
|---------|------------------|--------------|----------|
| 711 Second Avenue | Six Happiness 38 Inc. | 11/19/10 – 8/19/13 | Xi Lin, CEO |
| | Six Happiness 711 Inc. | 11/20/12 – 3/18/16 | Jian Feng Lin, CEO |
| | Six Happiness 74 Inc. | 10/27/14 – 8/23/16 | None listed |
| | Six Happiness East Inc. | 9/22/15 – 2/21/18 | None listed |
| | Six Happiness Midtown Inc. | 12/13/16 – present | None listed |
| 819 Second Avenue | East Palace One, Inc. | 5/19/09 – 1/5/12 | None listed |
| | East Palace 43 Inc. | 2/17/11 – 10/14/14 | None listed |
| | East Palace 819 Inc. | 11/20/12 – 7/14/15 | None listed |
| | New East Palace Rest. Inc. | 3/14/14 – 11/7/18 | None listed |
| | East Palace 2nd Ave. Inc. | 7/18/17 – present | Xue Xian Chen |
| 1413 Second Avenue | Six Happiness 1413 Inc. | 11/19/10 – 9/23/13 | Qi Yeng Lin, CEO |
| | Six Happiness 73rd Inc. | 5/3/12 – 3/21/16 | Lai Yin Ho, CEO |
| | Six Happiness 39 Inc. | 10/27/14 – 8/23/16 | None listed |
| | Six Happiness Uptown Inc. | 10/20/15 – 5/23/18 | None listed |
| | Six Happiness 88 Inc. | 12/13/16 – 12/5/18 | None listed |
| 1378 Crosby Avenue | New Six Happiness Chinese Restaurant Inc. | 10/6/11 – present | Tan Hui Lu, CEO |
| 198 Canal Street | Six Happiness Rest. Inc. | 11/17/06 – 1/18/12 | Mei Qin Weng, CEO |

Asserting that his chart shows "significant overlap between active corporations,"

Plaintiff contends that there may be "pendent claims against the corporations the operations of

which directly preceded those corporations that were active in 2015 or later." (Id. at 3)

---

[7] The chart submitted by Plaintiff includes entities that are not named as defendants. The Court has omitted those entities from the chart shown in this Order. The Court also notes that the address for Six Happiness Rest. Inc. in Plaintiff's chart differs from the address alleged in the Complaint.

9

On December 24, 2018, thirteen of the corporate defendants – East Palace One, Inc., East Palace 43 Inc., East Palace 819 Inc., East Palace 2nd Ave Inc., Six Happiness Rest. Inc., Six Happiness 38 Inc., Six Happiness 711 Inc., Six Happiness 74 Inc., Six Happiness 1413 Inc., Six Happiness 39 Inc., Six Happiness Uptown Inc., Six Happiness 88 Inc., and Six Happiness 73rd Inc. – and individual defendants Rui Hua Chen, Lai Yin Ho, Xue Xian Chen, Mei Qin Weng, and Jian Feng Lin moved for judgment on the pleadings. (See Mot. (Dkt. No. 65); Def. Br. (Dkt. No. 67) at 4)  The Moving Defendants also seek an award of attorneys' fees, pursuant to Fed. R. Civ. P. 11, "for Plaintiff and his counsel's repeated refusal in bad faith to dismiss frivolous claims." (Mot. (Dkt. No. 65))

## DISCUSSION

## I.     LEGAL STANDARDS

### A.     Rule 12(c) Standard

In deciding a Rule 12(c) motion, courts apply the same standard applicable to a motion to dismiss under Rule 12(b)(6). Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010) (citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)).  To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  To meet this standard, a complaint's factual allegations must permit the Court, "draw[ing] on its judicial experience and common sense[,]. . . . to infer more than the mere possibility of misconduct." Id. at 679.  While the court must "accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable

inferences in favor of the plaintiff," id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678.

"On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal citations omitted). Courts may also "properly consider documents or information contained in [a] defendant's motion papers if the plaintiff has knowledge or possession of the material and relied on it in drafting the complaint." Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC, 11 Civ. 3327 (ER), 2013 WL 417406, at *6 (S.D.N.Y. Feb. 4, 2013) (citing Hoy v. Inc. Vill. of Bayville, 765 F. Supp. 2d 158, 163 (E.D.N.Y. 2011)).

**B.**     **Rule 11 Standard**

"Rule 11 imposes an 'affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading' before actually signing it." O'Malley v. New York City Transit Auth., 896 F.2d 704, 706 (2d Cir. 1990) (citation omitted). By signing or filing a complaint, an attorney is certifying that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). "In

11

determining whether a signer has violated Rule 11, a district court applies an objective standard of reasonableness." Derechin v. State Univ. of N.Y., 963 F.2d 513, 516 (2d Cir. 1992). "The reasonableness of an inquiry depends upon the surrounding circumstances, including 'such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading . . . ; or whether he depended on forwarding counsel or another member of the bar.'" Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2d Cir. 1995) (quoting Advisory Committee Note on 1983 amendment to Fed. R. Civ. P. 11).

"Drawing a line between zealous advocacy and frivolous conduct, Rule 11 provides a vehicle for sanctioning an attorney, a client, or both." United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1343 (2d Cir. 1991). "Rule 11(c) provides in pertinent part that '[i]f . . . the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction. . . .'" Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004) (emphasis removed) (quoting Fed. R. Civ. P. 11(c)). "The decision whether to impose a sanction for a Rule 11(b) violation is thus committed to the district court's discretion." Id.

The Second Circuit has cautioned, however, that decisions regarding the imposition of Rule 11 sanctions should be "made with restraint and discretion." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999)). "Doubts as to the viability of a signed pleading[] are to be resolved in favor of the signer." O'Malley, 896 F.2d at 706. Accordingly, "[e]ven if the district court concludes that the assertion of a given claim violates Rule 11[,] . . . the decision whether or not to impose sanctions is a matter for the court's discretion." Perez, 373 F.3d at 325.

"Rule 11 and principles of due process require that 'the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.'" Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012) (quoting Schlaifer, 194 F.3d at 334). Under Rule 11's "safe harbor provision", the subject of the sanctions motion must be served with the motion at least 21 days in advance of the filing of the motion, see Fed. R. Civ. P 11(c)(2); Star Mark Mgmt., Inc., 682 F.3d at 175-76, such that the subject of the motion can consider whether to withdraw the offending filing before the sanctions motion is filed. See Fed. R. Civ. P. 11(c)(2).

## II. ANALYSIS

### A. Whether the Complaint States a Claim Against the Moving Defendants

The Moving Defendants contend that "[t]he entire complaint is almost completely devoid of any allegation against [them]," and consists of "form allegations" that "are unsubstantiated and without any factual support." (Def. Br. (Dkt. No. 67) at 5) They assert that none of the Complaint's "conclusory and boilerplate statements . . . support[s] an inference that the Movants are an employer within the meaning of the FLSA." (Id. at 13)

For liability to attach under the FLSA or the NYLL, a defendant must be an "employer." See Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999); Padilla v. Manlapaz, 643 F. Supp. 2d 302, 314 (E.D.N.Y. 2009). "[Section] 3(d) of the FLSA] defines [employer] broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" Herman, 172 F.3d at 139. "[T]he [NYLL] broadly defines

13

[employer] as encompassing any 'person employing any [employee]'" Padilla, 643 F. Supp. 2d at 314 (citation omitted).[8]

"[T]he [Supreme] Court has instructed that the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). "[T]he Second Circuit has made clear 'that the various factors [it has] relied upon . . . [i] to examine the degree of formal control exercised over a worker, [ii] to distinguish between independent contractors and employees; and [iii] to assess whether an entity that lacked formal control nevertheless exercised functional control over a worker, state no rigid rule for the identification of an FLSA employer.'" Flores v. 201 W. 103 Corp., 256 F. Supp. 3d 433, 439 (S.D.N.Y. 2017) (citations omitted). "Rather, 'economic realities are assessed by reference to 'the particular situation[,]' with some factors more important than others depending on the FLSA question at issue and the context in which it arises.'" Id. (quoting Brown v. New York City Dep't of Educ., 755 F.3d 154, 167 (2d Cir. 2014)).

The Second Circuit has articulated an "economic reality" test to determine whether "the alleged employer possessed the power to control the workers in question." Herman, 172 F.3d at 139. "[T]he relevant factors include 'whether the alleged employer (1) had

---

[8] "There is general support for giving FLSA and the New York Labor Law consistent interpretations." Topo v. Dhir, No. 01 CIV. 10881 (PKC), 2004 WL 527051, at *3 (S.D.N.Y. Mar. 16, 2004) Thus, "courts have interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." Jiao v. Shi Ya Chen, No. 03 CIV. 0165 (DF), 2007 WL 4944767, at *9 n.12 (S.D.N.Y. Mar. 30, 2007) (citations omitted); Padilla, 643 F. Supp. 2d at 314 (same). Accordingly, this Court's analysis of whether a particular individual or entity is an "employer" under the FLSA applies with equal force to Plaintiff's NYLL claims.

14

the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id. (quoting Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984)).

### 1.    Individual Defendants

The Moving Defendants argue that there is "no substantiated factual allegation concerning [Plaintiff's] employment relationship [with] any Individual Movant." (Def. Br. (Dkt. No. 67) at 10)  Indeed, "Plaintiff fails to identify any Individual Movant in his allegations regarding his employment at East Palace and Six Happiness."  Instead, Plaintiff has merely brought claims against individuals whose "names somehow appear in public records of numerous dissolved corporations."  (Id.)

The Complaint alleges that each of the individual defendants "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records" at each of the seventeen corporate entities named as defendants. (Id. ¶¶ 61, 64, 67, 70, 73, 76, 79, 82, 85, 88, 91, 94)  As to the individual defendants who have moved for judgment on the pleadings, the Complaint claims that each "personally, actively, and on a day-to-day basis manages the operations of the corporations doing business as and operating as [a particular East Palace or Six Happiness restaurant]."  (See id. ¶¶ 65, 68, 77, 80, 86)  The Complaint further asserts that Rui Hua Chen was "known as 'Lady Boss' to Plaintiff," and "is an owner and officer of East Palace 819 Inc."; Lai Yin Ho "is an owner and Chief Executive Officer of Six Happiness 73rd Inc."; Xue Xian Chen "is an owner of and the Department of State's contact for serving process upon East Palace 2nd Ave. Inc."; Mei Qin Weng "is an owner and

Chief Executive Officer of Six Happiness Rest. Inc."; and Jian Feng Lin "is an owner and Chief Executive Officer of Six Happiness 711 Inc." (Id. ¶¶ 64-65, 68, 77, 80, 86)

Courts in this Circuit have made clear that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test are insufficient to survive a motion to dismiss." Bravo v. Established Burger One, LLC., 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (internal quotation marks and citations omitted); see also Marin v. APU Foods Corp., No. 17CV3224MKBSMG, 2018 WL 1462236, at *4 (E.D.N.Y. Feb. 26, 2018) ("[m]ere recitations of the elements of liability or the factors of the 'economic reality' test in a complaint are not adequate" to state an FLSA or NYLL claim), report and recommendation adopted, No. 17CV3224MKBSMG, 2018 WL 1459488 (E.D.N.Y. Mar. 23, 2018).  Plaintiffs must instead plead "specific facts, aside from the elements of the 'economic reality' test, to satisfy their pleading burden." Bravo, 2013 WL 5549495, at *7.

Here, the Complaint merely recites the elements of the economic reality test, together with conclusory assertions as to the individual defendants' "personal[], active[], and . . . da[ily]" management of the operations of the corporations that, in turn, allegedly operate the restaurants.  The Complaint pleads no "specific facts" about the individual defendants' alleged management of the restaurants.  For example, Plaintiff does not describe any interactions he has had with the individual defendants, nor does he set forth any observations he has made of their conduct.  Although the Complaint asserts that the individual defendants are owners and/or officers of certain of the defendant corporations, merely pleading that an individual is the "chief executive officer" (Cmplt. (Dkt. No. 1) ¶¶ 68, 86) does not establish that the individual is an "employer" within the meaning of the FLSA and NYLL, for "it is well-settled that '[o]wnership, or a stake in a company, is insufficient to establish that an individual is an 'employer' without

16

some involvement in the company's employment of the employees." [9]  Salinas v. Starjem Rest.

Corp., 123 F. Supp. 3d 442, 464 (S.D.N.Y. 2015) (quoting Irizarry 722 F.3d at 111); Bravo v.

Shamailov, 221 F. Supp. 3d 413, 427 (S.D.N.Y. 2016) ("[O]wnership, standing alone, is

insufficient to make [a chief executive officer] an 'employer' under the FLSA and NYLL.").[10]

These allegations are not sufficient to demonstrate that the individual defendants

were Plaintiff's employers.  See, e.g., Bravo, 2013 WL 5549495, at *6 ("Plaintiffs allege that . . .

each of the . . . Individual Defendants exercised control over the terms and conditions of

Plaintiffs' employment by exercising power to fire and hire, determining rate and method of pay,

determining employee work schedules, maintaining employee records, and otherwise affecting

the quality of employment. . . . Additionally, Plaintiffs allege that the Individual Defendants are

all 'Principals' of each of their respective Corporate Defendants. . . . [T]here are no additional

factual allegations directed at the . . . four individual defendants.  Because these conclusory

allegations alone are insufficient to satisfy the 'economic reality test,' the claims against the

---

[9] Moreover, as discussed below, the entities of which Plaintiff alleges that Rui Hua Chen and Mei Qin Weng were officers – East Palace 819 Inc. and Six Happiness Rest. Inc. – were dissolved before Plaintiff's employment commenced.

[10] Nor is the allegation that Defendant Xue Xian Chen is "an owner [of East Palace 2d Ave. Inc.]. . . . and the Department of State's contact for serving process" (Cmplt. (Dkt. No. 1) ¶ 77) sufficient to demonstrate that Chen is an "employer."  An agent for service of process is merely the person or entity "upon whom process against [a] corporation may be served."  N.Y. Bus. Corp. Law § 305 (McKinney).  That role has no connection with an employee's work conditions or pay.  White v. Classic Dining Acquisition Corp., No. 1:11-CV-712-JMS-MJD, 2012 WL 1252589, at *4 (S.D. Ind. Apr. 13, 2012) (a registered agent's power "in no way relates to the requisite control or duties over wages or employment conditions to qualify . . . as an employer under the FLSA").

[those defendants] are dismissed.")[11]  Accordingly, Plaintiff's claims against the moving

individual defendants will be dismissed.[12]

---

[11]  In Bravo, the district court denied a motion to dismiss as to two individual defendants where "[t]wo of the Plaintiffs allege that [one of the individual defendants] set [the plaintiffs'] schedule[s], distributed paychecks, and handled employee complaints," and where the other "would check in on the restaurants," and was the person to whom a plaintiff was directed to speak about obtaining more work.  Bravo, 2013 WL 5549495, at *7.  There are no similarly specific factual allegations here as to the moving individual defendants.  Cf. Marin, 2018 WL 1462236, at *4 (plaintiff demonstrated that an individual defendant was her employer by pleading that the defendant (1) hired plaintiff himself; (2) told plaintiff that he had hired the restaurant's manager; and (3) was present at the restaurant five days per week); Flores v. 201 W. 103 Corp., 256 F. Supp. 3d 433, 442 (S.D.N.Y. 2017) (while allegations that an individual defendant "exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of [Plaintiffs'] employment," on their own, are "little more than a conclusory allegation tailored to the tests of employer control," plaintiffs' allegation that the individual defendant "was 'a manager at [a particular defendant-restaurant] and directly supervised Plaintiffs' in that capacity" sufficed to plead that that defendant was an employer).

[12]  The Moving Defendants seek dismissal of "all claims against the Movants." (Def. Br. (Dkt. No. 67) at 5)

Count Ten of the Complaint asserts that "26 [U.S.C.] §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return."  Plaintiff goes on to assert that "[d]ue to Defendants' violations of 26 [U.S.C.] §7434, Plaintiff is entitled to recover [damages] from Defendants." (Cmplt. (Dkt. No. 1) ¶¶ 199-200) Similarly, Count Eleven asserts that "NY General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return."  The Complaint likewise asserts that, under Section 349 of the GBL, "Plaintiff is entitled to recover" damages from Defendants. (Id. ¶¶ 202-03)

To plead a violation of 26 U.S.C. §7434, a plaintiff must allege facts demonstrating that a defendant willfully filed a fraudulent information return.  See Katzman v. Essex Waterfront Owners LLC, 660 F.3d 565, 568 (2d Cir. 2011) ("The private right of action created by §7434(a) applies only '[i]f any person willfully files a fraudulent information return.'" (quoting IRC §7434(a)) (emphasis in Katzman)).  Here, the Complaint does not allege that any Defendant filed a fraudulent information return, much less that a false return was filed willfully.  Accordingly, the Moving Defendants' motion for judgment on the pleadings will be granted as to Plaintiff's claims under 26 U.S.C. §7434.

## 2.    **Corporate Defendants**

The Moving Defendants contend that the Court should dismiss (1) all East Palace

corporate entities that were dissolved before Plaintiff commenced his employment at the East

Palace restaurant at 819 Second Avenue on October 1, 2015; (2) all East Palace corporate

defendants that were formed after Plaintiff concluded his employment at that East Palace

restaurant on February 28, 2017; and (3) all Six Happiness corporate entities that were dissolved

before Plaintiff began working at the Six Happiness restaurant at 711 Second Avenue on May

10, 2017, because Plaintiff cannot establish that any of these entities were his "employers." The

Moving Defendants' argument is premised on the New York Department of State's Division of

Corporations' records showing the dates that these entities were formed and dissolved.[13] (Def.

Br. (Dkt. No. 67) at 8-9)

---

As to Plaintiff's claim under the General Business Law, "[GBL] section 349 contains no such language" concerning the filing of fraudulent information returns, "and Plaintiff has not cited case law applying section 349 to the filing of fraudulent information returns under . . . factual circumstances [similar] to this case." Yahui Zhang v. Akami Inc., No. 15-CV-4946 (VSB), 2017 WL 4329723, at *4 (S.D.N.Y. Sept. 26, 2017). In any event, as already noted, the Complaint does not plead any facts concerning Defendants' filing of information returns. Accordingly, the Moving Defendants' motion for judgment on the pleadings will be granted as to Plaintiffs' General Business Law claim.

[13]  There is no dispute here as to what the Division of Corporations records contain about the defendant corporations' formation and dissolution dates. The incorporation and dissolution dates set forth in the Division of Corporations' records are – with the exception of the dissolution dates for two entities that were dissolved after Defendants obtained the corporate records – identical to the dates of incorporation and dissolution provided by Plaintiff in his December 21, 2018 letter to the Court. Both Plaintiff's letter and the records submitted by Defendant show that East Palace One Inc., East Palace 43 Inc., and East Palace 819 Inc. were all dissolved before October 1, 2015. (See Li Affirm. (Dkt. No. 66), Ex. A-C) East Palace 2nd Ave. Inc. was formed on July 18, 2017, after Plaintiff ceased working at the 819 Second Avenue restaurant – but also after Plaintiff commenced employment at the Six Happiness restaurant at 711 Second Avenue. (Id., Ex. D) Plaintiff's letter and the Division of Corporations' records show that Six Happiness Rest. Inc., Six Happiness 38 Inc., Six Happiness 1413 Inc., Six Happiness 711 Inc., Six Happiness 73rd Inc., Six Happiness 39 Inc., and Six Happiness 74 Inc. were all dissolved before Plaintiff began working at the Six Happiness restaurant located at 711 Second Avenue – although

19

Defendants further contend that because Judge Freeman's Stipulation and Order

concerning court-authorized notice "does not include any employee at Six Happiness located at

1413 Second Avenue," the Court should dismiss the claims against the corporate entities

allegedly operating at that location.[14]  (Id. at 9)

Plaintiff has not explained why corporate entities that were dissolved before

October 1, 2015, when he began his employment at the first of Defendants' restaurants, should

be defendants in this case.  Indeed, Plaintiff appears to implicitly concede that his claims against

these corporate entities should be dismissed.  (See Pltf. Opp. Br. (Dkt. No. 68) at 13 ("[A]ll the

corporate defendants who were active during any time of Plaintiff Cui's employment should

remain in this case . . . ." (emphasis added))

---

Plaintiff was still working at East Palace One in 2016, when the latter four entities were
dissolved.  (See id., Ex. E-K)

Although the Division of Corporations' records are not attached to or otherwise included in the
Complaint, the Court may consider them on this Rule 12(c) motion because a court may "take[]
judicial notice [pursuant to Fed. R. Evid. 201] of the public Entity Information provided by the
New York State Department of State, Division of Corporations. . . ." Haru Holding Corp. v.
Haru Hana Sushi, Inc., No. 13 CIV. 7705 (RWS), 2016 WL 1070849, at *2 (S.D.N.Y. Mar. 15,
2016) (taking judicial notice that defendant was an inactive business entity); see also Hernandez
v. Delta Deli Mkt. Inc., No. 18CV00375ARRRER, 2019 WL 643735, at *1 n.2 (E.D.N.Y. Feb.
12, 2019) ("According to the New York State Department of State, Division of Corporations'
website, . . . Flatbush Supermarket was dissolved on October 10, 1996; Flatbush Deli Market
was dissolved on July 28, 2010; and Delta Deli was dissolved on June 29, 2016.  The Court may
take judicial notice pursuant to Rule 201 . . . that the website for the Division of Corporations . . .
indicates that these entities were dissolved on the dates listed."); Maller v. Rite Aid Corp., No.
1:14-CV-0270, 2016 WL 1275628, at *3 (N.D.N.Y. Mar. 31, 2016) (on motion to dismiss,
"tak[ing] judicial notice of the documents on file with the New York State Department of State,
Division of Corporations, which demonstrate that Rite Aid New York is a New York
Corporation"); Bebry v. ALJAC LLC, 954 F. Supp. 2d 173, 177 (E.D.N.Y. 2013) (explaining
that "[t]he Court will consider . . . in its analysis of the pending motion to dismiss" an exhibit
consisting of a "print-out of a page from the New York State Department of State Division of
Corporations . . . website . . . because the exhibit is a record of an administrative agency").

[14]  These entities include Six Happiness 1413 Inc., Six Happiness 73rd Inc., Six Happiness 39
Inc., Six Happiness Uptown Inc., and Six Happiness 88 Inc.  (Def. Br. (Dkt. No. 67) at 9)

Plaintiff does assert that "the Complaint is clear in its allegations that the various corporations operating [the East Palace and Six Happiness restaurants] were all in reality controlled by the Lin brothers," and that "all of the corporations' finances are ultimately controlled by the Lin brothers," such that "the predecessors and successors are equally able to provide relief." (Pltf. Opp. Br. (Dkt. No. 68) at 10-11) To the extent that this language constitutes an argument that Plaintiff has viable claims against entities that were dissolved before his employment began, that argument is unpersuasive. As an initial matter, the Complaint does not allege that the "various corporations" operating the restaurants "were . . . controlled by the Lin brothers," or that the Lin brothers controlled the corporations' finances. The Complaint merely alleges that the Lin brothers were "[t]he most active, hands-on, day-to-day managers" at the actual restaurants. (See Cmplt. (Dkt. No. 1) ¶ 106) In any event, Plaintiff does not explain how the Lin brothers' alleged controlled over the dissolved corporations would render the dissolved entities "employers" of Plaintiff for purposes of the FLSA and NYLL, or otherwise render those entities liable for conduct that took place after their dissolution. Accordingly, Plaintiff's FLSA and NYLL claims against East Palace One Inc., East Palace 43 Inc., and East Palace 819 Inc., Six Happiness Rest. Inc., Six Happiness 38 Inc., and Six Happiness 1413 Inc. – all of which were dissolved before October 1, 2015, when Plaintiff's employment began – will be dismissed. See Hernandez v. Delta Deli Mkt. Inc., No. 18CV00375ARRRER, 2019 WL 643735, at *3 (E.D.N.Y. Feb. 12, 2019) ("The entirety of Mendez's claims accrued from September 6, 2016, to May 10, 2017. During this period all Corporate Defendants had been legally dissolved. . . . Accordingly, none of these Corporate Defendants could have 'employed' Mendez for purposes of the FLSA or NYLL, whether directly or as joint or single employers.

Therefore, they cannot be held liable for actions that occurred subsequent to their legal dissolution.").

As to (1) the East Palace entity formed after Plaintiff stopped working at the East Palace Restaurant at 819 Second Avenue, but while Plaintiff was working at Six Happiness Restaurant at 711 Second Avenue; and (2) the Six Happiness entities that were dissolved before Plaintiff began working at Six Happiness Restaurant at 711 Second Avenue, but while he was employed at the East Palace Restaurant at 819 Second Avenue, Plaintiff contends that FLSA and NYLL liability attach. According to Plaintiff, "all the corporate defendants who were active during any time of Plaintiff Cui's employment should remain in this case," because they "participated in a single integrated enterprise." (Pltf. Opp. Br. (Dkt. No. 68) at 13)

"Distinct but closely affiliated entities may be treated as a single employer for FLSA purposes" where the entities constitute an "enterprise." "'Courts use a three-part test to determine when an entity is an enterprise: "(1) the entity or entities must engage in related activities, (2) performed through unified operation or common control, (3) for a common business purpose."'" Marte v. Westbury Mini Mart, Inc., No. CV 16-53 (SJF) (ARL), 2017 WL 9485667, at *5 (E.D.N.Y. Jan. 18, 2017) (quoting Berezueta v. Royal Crown Pastry Shop, No. 12 Civ. 4380, 2014 WL 3734489, at *4 (E.D.N.Y. July 28, 2014) (quoting Bowrin v. Catholic Guardian Soc'y, 417 F. Supp. 2d 449, 465-66 (S.D.N.Y. 2006))), report and recommendation adopted, No. 16CV0053SJFARL, 2017 WL 838194 (E.D.N.Y. Mar. 3, 2017). "Different businesses entities engage in related activities if they are operationally interdependent and provide mutually supportive services to the substantial advantage of each entity." Rosario v. Mis Hijos Deli Corp., No. 15 CV 6049-LTS-DCF, 2018 WL 4636822, at *6 (S.D.N.Y. Sept. 27, 2018) (internal quotation marks and citation omitted). "Enterprise coverage has been interpreted

broadly." <u>Boekemeier v. Fourth Universalist Society in City of New York</u>, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000).

Here, the Complaint alleges that the corporate entities all do business as either East Palace Chinese Restaurant or Six Happiness Chinese Restaurant, and that they operate four restaurant locations, all called either East Palace Chinese Restaurant or Six Happiness Chinese Restaurant. The Complaint further alleges that these four locations form "an integrated supply chain," and share "common management." (Cmplt. (Dkt. No. 1) ¶¶ 103, 106) According to the Complaint, "[d]eliverymen working at [the restaurants], including Plaintiff[], were frequently called upon to deliver between locations, or to customers who had ordered from a location at which the employee deliveryman did not work, by managers at all four East Palace/Six Happiness locations." (<u>Id.</u> ¶ 107) Moreover, "certain [restaurant] locations specializ[e] in the production of certain menu items"—like dumplings, at one Second Avenue restaurant; and roast duck and pork buns, at another Second Avenue location – "which are . . . shared among, and delivered as if ordered from, all the other locations." (<u>Id.</u> ¶¶ 103-04) And "[s]hould management at any one [location] need to stock extra materials, or need to fill an order for one of the other location's specialties, employees . . . would be required to transport these materials from location to location." (<u>Id.</u> ¶ 105) Finally, the restaurants share common managers—three brothers—at three locations, and their operators "focus on branding and uniformity of operations," a fact "reflected in the careful consistency of the physical appearance of their retail locations." (<u>Id.</u> ¶¶ 102, 106)

These allegations adequately plead that the corporate entities in existence while Plaintiff was employed at the East Palace and Six Happiness restaurants constitute an enterprise. The Complaint sufficiently alleges that the corporate entities were engaged in "related activities"

23

and shared a common business purpose: all the entities operated Chinese restaurants, the

ostensible purpose of which was to offer Chinese food to consumers. By pleading that certain of

the restaurants specialized in particular products, which were then used to fill orders at the other

locations; that delivery people serviced all locations, not just the restaurant by which they were

formally employed; and that the restaurants looked alike – as well as by asserting that the

restaurants were primarily operated by three brothers – the Complaint sufficiently alleges that the

restaurants were under "unified operation" or "common control." See Berrezueta v. Royal

Crown Pastry Shop, Inc., No. 12 CV 4380 RML, 2014 WL 3734489, at *6 (E.D.N.Y. July 28,

2014) (denying defendants' motion for summary judgment on plaintiffs' enterprise argument

where plaintiffs contended that the defendant entities "were all engaged in baking the same kind

of Italian breads and pastries; that the entities occasionally shared ingredients at no cost; that the

kitchen at the 6308 location was identical to the kitchen at the 6512 location in all material

respects; and that the two locations baked and sold bread using the same recipes and baking

techniques. They have also provided evidence that the Royal Crown entities had a common

association through their use of the 'Royal Crown' name and signage; that [the owner] has

sought, on behalf of a company he owns, to trademark the Royal Crown name; and that 'Royal

Crown' became synonymous with a certain quality of baked goods") (internal citations

omitted)).

  Accordingly, the Moving Defendants' motion for judgment on the pleadings is –

as to the remaining corporate entities – denied.

  **B.** **Rule 11 Sanctions**

  As discussed above, Fed. R. Civ. P. 11 contains a "safe harbor provision," which

is set out in Fed. R. Civ. P. 11(c)(2). This provision states that

[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). Pursuant to this Rule, "'a [sanctions] motion . . . must not be presented to the court until the alleged violator is afforded twenty-one days to withdraw or correct the offending document.'" Nardoni v. City of New York, No. 17CIV2695GHWGWG, 2019 WL 542349, at \*4 (S.D.N.Y. Feb. 12, 2019) (quoting Lawrence v. Richman Grp. of CT LLC, 620 F.3d 153, 156 (2d Cir. 2010) (per curiam)), report and recommendation adopted, No. 1:17-CV-2695-GHW, 2019 WL 952333 (S.D.N.Y. Feb. 27, 2019). "Th[is] safe-harbor provision is a strict procedural requirement." Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012).

Here, the Moving Defendants did not comply with the safe harbor provision's procedural requirements. The Moving Defendants delivered a letter to Plaintiff on December 21, 2018, in which they state that the letter "serve[s] as the required notice before Moving Defendants seek sanctions. . . ." (Dec. 21, 2018 Def. Ltr. (Dkt. No. 66-15) at 1-2) The letter states that "if Plaintiff does not dismiss all claims against [the] Moving Defendants within twenty-one (21) days of the date hereof," the Moving Defendants will seek sanctions. (Id. at 2) The Moving Defendants did not serve their motion for sanctions on Plaintiff prior to their motion for judgment on the pleadings, however. To the contrary, Defendants filed their sanctions motion at the same time that they filed their motion for judgment on the pleadings. (See Def. Br. (Dkt. No. 67) at 12 ("[W]e respectfully request an order sanctioning Plaintiff and his counsel and granting attorney's fee and other costs to Defendants.")) Because the Moving Defendants did

25

not comply with the "safe harbor" provision, which is strictly construed, their motion for sanctions will be denied.

## CONCLUSION

The Moving Defendants' motion for judgment on the pleadings is granted as to Defendants Rui Hua Chen, Lai Yin Ho, Xue Xian Chen, Mei Qin Weng, and Jian Feng Lin, East Palace One, Inc., East Palace 43 Inc., East Palace 819 Inc., Six Happiness Rest. Inc., Six Happiness 38, Inc., and Six Happiness 1413, Inc. The Moving Defendants' motion is denied as to East Palace 2nd Ave. Inc., Six Happiness 711 Inc., Six Happiness 73rd Inc., Six Happiness 74 Inc., Six Happiness 39 Inc., Six Happiness Uptown Inc., and Six Happiness 88 Inc. The Clerk of Court is directed to terminate the motion (Dkt. No. 65).

Dated:  New York, New York
        September 20, 2019

SO ORDERED.

Paul G. Gardephe
United States District Judge