UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/2020

---

RUIXUAN CUI, et al.,

      Plaintiffs,

-against-

EAST PALACE ONE, INC., et al.,

      Defendants.

---

17cv06713 (PGG) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

By letter dated December 23, 2019 (Dkt. 90), John Troy, Esq. ("Troy"), of the law firm of Troy Law, PLLC ("Troy Law"), renews an earlier request that Troy Law be relieved as counsel in this action for FLSA opt-in plaintiff Dong Cun Ming ("Dong").

Troy Law had initially sought leave to withdraw as counsel for Dong on the basis that Dong had failed to appear or to provide dates for his deposition, and, beyond that, had generally been unresponsive to Troy's efforts to communicate with him. (*See* Letter to the Court from Troy, dated Oct. 22, 2019 (Dkt. 83), at 1 ("the undersigned has tried to contact our client multiple times *Via* Phone and Line, but our client has not been forthcoming").) This Court scheduled a conference for December 11, 2019, to address Troy Law's request to withdraw, and directed that Dong appear personally at that conference. (Dkt. 84.) In addition, the Court noted that it might convert the conference to a settlement conference, and therefore directed all counsel, and all parties, to attend. (*Id.*)

At the December 11 conference, neither Troy nor Dong appeared. Rather, Aaron Schweitzer, Esq. ("Schweitzer"), an associate with Troy Law – who had filed a Notice of Appearance on behalf of Plaintiffs (including Dong) at 7:00 p.m. on the day before the conference was scheduled (Dkt. 86) – appeared in Troy's place, with the apparent intention of

connecting Troy by cellphone, merely so that Troy (who had been the only attorney of record for Plaintiffs in this case since its commencement in 2017, who had presumably been the only attorney with personal knowledge of any past settlement discussions, and who had made the motion to withdraw) could act as an "interpreter" for Dong. In any event, Schweitzer represented at the conference that he had been in touch with Dong and had informed him of the conference.

Despite Dong's failure to appear at the conference, this Court denied Troy Law's motion to withdraw, given Troy's own failure to appear, Schweitzer's recent filing of an appearance for Dong, and Schweitzer's representation that he had been in contact with Dong. This Court directed Schweitzer to speak with Dong regarding potential deposition dates, and also urged the parties to discuss settlement. On December 17, 2019, this Court followed up with the entry of a Text Order (Dkt. 88), by which it directed counsel to submit, no later than December 20, 2019, a joint letter stating the date on which Dong would be deposed and reporting on the status of their settlement discussions. Counsel did not make the required joint submission by December 20, nor seek an extension of time to do so. Rather, on December 23, 2019, Troy filed another letter with the Court (Dkt. 90), stating that, although Dong had "responded to a short text message on December 18, 2019," "Plaintiffs' counsel ha[d] not heard from him in any way" since then. On that basis, Troy again requested leave to withdraw from representing Dong in this action and asked that Dong's claims be dismissed without prejudice. (*Id.*) Troy's December 23 letter said nothing regarding settlement, and, to date – more than a month past the Court's December 17 Order – no joint submission on that subject has been made.

Having reviewed Troy's most recent letter, and as Defendants have not responded to or otherwise indicated they oppose Troy Law's request to be relieved as counsel for Dong, it is hereby ORDERED as follows:

1. No later than January 28, 2020, Troy Law is directed to serve a copy of Troy's December 23, 2019 letter (Dkt. 90) on Dong, together with a copy of this Order, with both documents translated into Dong's native language, if necessary for him to understand them, and to file proof of such service on the Docket of this action. If Dong wishes to be heard with respect to Troy Law's request to withdraw, then, no later than February 7, 2020, Dong should submit a response to the Court, with a copy to Troy Law. This response may be mailed directly to my Chambers at the following address:

> Hon. Debra Freeman, U.S. Magistrate Judge
> United States Courthouse
> 500 Pearl Street, Room 1660
> New York, New York 10007

Dong's response may be submitted *ex parte*; in other words, it need not be served on counsel for Defendants. This Court, in its discretion, will determine whether any response it receives from Dong should be filed publicly or if it contains sensitive information that warrants its being placed under seal. If, by February 21, 2020, this Court receives no objection to Troy Law's request from Dong, then this Court may grant the request as unopposed.

2. Regardless of whether it receives any objection to Troy Law's request for leave to withdraw, this Court will hold an in-person conference on Friday, February 21, 2020, at 11:00 a.m., with respect to that request. The conference will be held in Courtroom 17A of the United States Courthouse at 500 Pearl Street, New York, New York. *Troy, Schweitzer, and Dong are directed to appear, in person, at this conference.* Dong is cautioned that failure to

3

appear as directed may result in this Court recommending sanctions, including dismissal of his claims for failure to prosecute them.

3. Troy Law is directed to arrange for an interpreter, <u>who is not counsel of record in this case</u>, to appear at the conference for the purpose of translating the proceedings for Dong.

4. Dong is cautioned that, if the Court permits Troy Law to withdraw, and if Dong does not retain new counsel, then he will be expected to prosecute this action on his own behalf, without the benefit of counsel. Dong is also cautioned that, if he chooses to proceed in this action *pro se* (*i.e.*, without the assistance of an attorney), then he will be expected to proceed with this action diligently on a *pro se* basis, to attend all court conferences and other proceedings in person, and to comply, on his own, with all rules and procedures of the Court. Should Dong continue to fail to cooperate in the pretrial discovery process or otherwise to take steps to move this case forward, the Court may recommend the dismissal of his claims with prejudice.

5. Regardless of whether Dong appears at the February 21 conference, and even if this Court permits Troy Law to withdraw from representing Dong, this Court may decide to convert the February 21 proceedings into a settlement conference. Therefore, in accordance with paragraph 6 of this Court's Settlement Practices, <u>all parties</u>, as well as their attorneys, are also required to attend the conference.

6. As the parties have expressed an interest in settlement, counsel are directed to have serious, good faith efforts discussions – <u>in advance of the February 21 conference</u> – to

negotiate a resolution of the claims in this case. At the conference, counsel should be prepared to address the status of those discussions.

Dated: New York, New York
January 23, 2020

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)