UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUIXUAN CUI, *on behalf of himself and others similarly situated*,

                                                  Plaintiff,

-against-

EAST PALACE ONE, INC., *d/b/a Palace Chinese Restaurant,* et al.,

                                                  Defendants.

17cv06713 (PGG) (DF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE PAUL G. GARDEPHE, U.S.D.J.:**

       Plaintiff Ruixuan Cui having commenced this wage-and-hour suit under the Fair Labor Standards Act and the New York Labor Law on September 3, 2017 (*see* Dkt. 1); and opt-in plaintiff Cumming Dong ("Dong") having filed a Consent To Become [a] Party Plaintiff in the action on May 14, 2018 (Dkt. 36); and Dong having then failed to cooperate in the discovery process and to appear before the Court when directed to do so; and this Court, by Order dated February 26, 2020, having granted the motion of Plaintiffs' counsel to withdraw from representing Dong because of Dong's failure to cooperate with counsel (Dkt. 95); and this Court having further directed Dong to show cause by March 5, 2020 why this Court should not recommend that his claims against Defendants be dismissed for failure to prosecute (*id*.); and Dong having made no submission to the Court in response to the Court's order to show cause, despite more than four months having passed since the stated deadline; I respectfully recommend, for these reasons and the reasons stated in the Court's February 26, 2020 Order (a copy of which is attached hereto for reference), that Dong's claims in this action be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Dong shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, should be filed with the Court in accordance with the attached instructions, and directed to the Honorable Paul G. Gardephe. Any requests for an extension of time for filing objections must be directed to Judge Gardephe. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

The Clerk of Court is directed to mail a copy of this Report and Recommendation, together with the attached Notice regarding Pro Se Filings and Order To Show Cause to Dong, at the address shown below.

Dated: New York, New York
       July 21, 2020

                                  Respectfully submitted

                                  _____
                                  DEBRA FREEMAN
                                  United States Magistrate Judge

<u>Copies to</u>:

All counsel (via ECF)

Mr. Cumming Dong
949 55th St. Fl. 1
Brooklyn, NY 11219

**Notice to Plaintiff Regarding How To Make *Pro Se*
Filings During the Period of the COVID-19 Outbreak:**

The Court's *Pro Se* Office is not open for in-person visits at this time. Accordingly, until further notice by the Court, any filings by opt-in plaintiff Dong, including any objections to this Report and Recommendation, should be made in one of the following three ways:

(1) <u>By email.</u> This is the fastest way to file documents at this time. To file by email:

    (a) Plaintiff Dong must sign the document, either by signing before scanning or by typing his name after an s-slash, like this: "/s/ Cunming Dong,"

    (b) the document must include plaintiff's Dong's name, address, phone number, and email address (if available), and

    (c) the subject line of the email must state that it is a *pro se* filing, and include the case number, as follows: "*Pro Se* Filing – 17cv06713."

The response may then be emailed to the following email address: Temporary_Pro_Se_Filing@nysd.uscourts.gov
Documents submitted by email that do not comply with these instructions will be disregarded.

(2) <u>By Drop Box.</u> If plaintiff Dong is unable to email the materials he wishes to file, then he may drop them off at the courthouse. The drop box is located in the lobby of the 200 Worth Street entrance to the Daniel Patrick Moynihan ("DPM") Courthouse, next to the security station, and is available 24 hours a day and 7 days a week to drop off filings. The Clerk's Office will retrieve drop box filings during the hours of 8:30 a.m. to 4:00 p.m., Monday through Friday. The materials should be clearly marked with plaintiff's name and the case number.

(3) <u>By mail.</u> Plaintiff Dong may still mail any papers to be filed to the DPM Courthouse, at the following address:

    *Pro Se* Intake Unit
    U.S. Courthouse
    500 Pearl Street
    New York, NY 10007.

# ATTACHMENT



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUIXUAN CUI,

                               Plaintiff,

      -against-

EAST PALACE ONE, INC. d/b/a EAST
PALACE CHINESE RESTAURANT, et al.,

                              Defendants.

---

17cv06713 (PGG) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    Attorneys John Troy, Esq. ("Troy") and Aaron B. Schweitzer, Esq. ("Schweitzer"), of the law firm Troy Law, PLLC ("Troy Law") having sought leave of Court to withdraw from the continued representation of plaintiff Cunming Dong ("Dong") in this action (Dkt. 90); and this Court having scheduled a conference for February 21, 2020, for the purpose of addressing counsel's application to withdraw from representing Dong (Dkt. 91); and this Court having granted the request of Defendants' counsel to be excused from the conference, but having directed both Troy and Dong to be present (Dkt. 94); and Troy having appeared for the conference, but Dong having neither appeared nor provided any explanation for his non-appearance; and Dong having also failed to appear for a prior conference before this Court, despite having been directed to appear (*see* Dkts. 84, 91); and Troy having represented at the February 21 conference that he was no longer in communication with Dong and that Dong has failed to be cooperative in the litigation; and this Court having twice expressly cautioned Dong that his failure to participate in the action could result in this Court's recommendation that his claims be dismissed for failure to prosecute (*see* Dkt. 84 ¶ 3, 91 ¶ 4); it is hereby ORDERED, as follows:

## Troy Law's Request For Leave
## To Withdraw From Representing Dong Is Granted

As Troy Law has stated good cause for its request for leave to withdraw as counsel for Dong, and as the request has not been opposed by any party, the request is granted. The Clerk of Court is directed to terminate Troy and Schweitzer as counsel of record for Dong on the Docket of this action.

Although this Court is granting Troy Law's request to withdraw from representing Dong, Troy Law is nonetheless directed to serve a copy of this Order on Dong, accompanied by a translation of this Order into Dong's native language, and to file proof of such service on the Docket of this action, by no later than March 2, 2020.

## Dong Is Ordered To Show Cause Why His
## Claims Should Not Be Dismissed For Failure To Prosecute

A plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action with prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31. Further, "all litigants, including *pro ses*, have an obligation to comply with court orders." *Agiwal v. Mid*

2

*Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citing *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (internal quotation marks omitted)).

In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)). "Generally, no one factor is dispositive," *Williams v. Kelly*, No. 11cv9607 (PAC) (KNF), 2014 WL 630654, at *3 (S.D.N.Y. Feb. 18, 2014) (citing *Nita*, 16 F.3d at 485), and the sanction of dismissal should be considered "in light of the record as a whole," *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation omitted).

In this case, Troy has been reporting to the Court for the last four months that he has had difficulty communicating with Dong and has been unable to secure his cooperation in discovery, including his presence at a deposition sought by Defendants. (*See* Dkts. 83, 87, 90.) This Court has already given Dong notice of the fact that he could face sanctions for failing to cooperate in the litigation process, including the possible sanction of dismissal. (*See* Dkt. 59.) Now, in addition to the reports of Dong's failures to appear for deposition, Dong has twice failed to appear before this Court, despite being expressly ordered to do so, making it impossible for the Court to address him directly regarding his discovery and other obligations. This Court also

3

notes that Dong's failure to appear for deposition has been prejudicial to Defendants' ability to defend against his claims.

Nonetheless, before this Court recommends the dismissal of Dong's claims for failure to prosecute, it will consider any explanation that Dong wishes to provide for his reported failures to cooperate in the discovery process and for his failures to appear before the Court as directed. Dong is cautioned, however, that, if he fails to respond at all to this Order To Show Cause, then (1) this Court will likely conclude that no less severe sanction than dismissal would be effective in securing his participation in this action, and (2) this Court will likely recommend to the Honorable Paul G. Gardephe, U.S.D.J., to whom this case is assigned, that Dong's claims be dismissed. Moreover, although this Court would recommend that a dismissal be without prejudice, Dong should be aware that some or all of his claims under the Fair Labor Standards Act may be barred by the statute of limitations, if he tries to reassert them in the future.

For the reasons stated above, Dong is directed to show cause, in writing, no later than March 5, 2020, why this Court should not recommend that Judge Gardephe dismiss his claims in this action without prejudice for failure to prosecute. Dong's response to this Order should be delivered, either personally or by mail, to the Court's *Pro Se* Office, which is located at the following address:

> *Pro Se* Intake Unit
> U.S. District Court, S.D.N.Y.
> Thurgood Marshall United States Courthouse
> 40 Centre Street, Room 105

4

If Plaintiff needs assistance in understanding any of the procedural rules of this Court, or any aspect of this Order, Plaintiff is encouraged to contact the *Pro Se* Office. The telephone number for that Office is (212) 805-0175.

Dated: New York, New York
       February 26, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)