UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

RUIXUAN CUI, on behalf of himself and
others similarly situated,

                      Plaintiff,

- against -

EAST PALACE ONE, INC. d/b/a East
Palace Chinese Restaurant, EAST PALACE
43 INC. d/b/a East Palace Chinese
Restaurant, EAST PALACE 819 INC. d/b/a
East Palace Chinese Restaurant, NEW EAST
PALACE REST. INC. d/b/a East Palace
Chinese Restaurant, EAST PALACE 2ND
AVE. INC. d/b/a East Palace Chinese
Restaurant, SIX HAPPINESS REST.
INC. d/b/a Six Happiness Chinese
Restaurant, SIX HAPPINESS 38 INC. d/b/a
Six Happiness Chinese Restaurant, SIX
HAPPINESS 711 INC. d/b/a Six Happiness
Chinese Restaurant, SIX HAPPINESS 74
INC. d/b/a Six Happiness Chinese
Restaurant, SIX HAPPINESS EAST
INC. d/b/a Six Happiness Chinese
Restaurant, SIX HAPPINESS MIDTOWN
INC. d/b/a Six Happiness Chinese
Restaurant, SIX HAPPINESS 1413 INC.
d/b/a Six Happiness Chinese Restaurant, SIX
HAPPINESS 73RD INC. d/b/a Six
Happiness Chinese Restaurant,
SIX HAPPINESS 39 INC. d/b/a Six
Happiness Chinese Restaurant, SIX
HAPPINESS UPTOWN INC., d/b/a Six
Happiness Chinese Restaurant, SIX
HAPPINESS 88 INC. d/b/a Six Happiness
Chinese Restaurant, NEW SIX HAPPINESS
CHINESE RESTAURANT INC. d/b/a Six
Happiness Chinese Restaurant, XI LIN, RUI
HUA CHEN, LAI YIN HO, XUE DU
CHEN, QI YENG LIN, XUE XIAN CHEN,
MEI QIN WENG, XIAN LIN, JIAN FENG
LIN, LIN FUI, FEI LIN, and TAN HUI LIN,

                      Defendants.
―――――――――――――――――――――――――――――

**ORDER**

17 Civ. 6713 (PGG)

Plaintiff Ruixuan Cui brings this putative collective and class action against numerous individuals and corporate entities associated with East Palace Chinese Restaurant and Six Happiness Chinese Restaurant,[1] for which Cui once worked as a deliveryman. On a collective and class basis, Cui alleges numerous violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On an individual basis, Cui alleges violations of Section 349 of the New York General Business Law (the "GBL") and the Internal Revenue Code.

On December 4, 2017, this Court referred the case to Magistrate Judge Debra Freeman for general pretrial supervision. (Dkt. No. 29)

On May 14, 2018, Cunming Dong opted in as an FLSA plaintiff. (Consent To Become Party Pltf. (Dkt. No. 36)) After opting in, however, Dong did not maintain communication with Plaintiffs' counsel, and did not cooperate with discovery. (Pltf. Ltr. (Dkt No. 83)) On October 22, 2019, Plaintiffs' counsel moved to withdraw from representing Dong – citing his lack of cooperation – and requested that Dong's clams be dismissed without prejudice. (Id.) On November 7, 2019, Judge Freeman ordered Dong to respond to counsel's motion. Judge Freeman warned Dong that while he could proceed pro se, he would be "expected to proceed with this action diligently" and "to attend all court conferences and other proceedings in person, and to comply, on his own, with all rules and procedures of the Court." (Nov. 7, 2019 Order (Dkt. No 84) at 2) Judge Freeman also scheduled a conference for December 11, 2019 and ordered Dong to personally appear. (Id.) He did not appear for the December 11, 2019

---

[1] In a September 20, 2019 order, this Court dismissed Plaintiffs' claims against Defendants Rui Hua Chen, Lai Yin Ho, Xue Xian Chen, Mei Qin Weng, and Jian Feng Lin, East Palace One, Inc., East Palace 43 Inc., East Palace 819 Inc., Six Happiness Rest. Inc., Six Happiness 38, Inc., and Six Happiness 1413, Inc. (Dkt. No. 80)

2

conference. (Jan. 23, 2020 Order (Dkt. No. 91) at 1)  Judge Freeman denied Plaintiffs' counsel's motion to withdraw and directed defense counsel to depose Dong by January 10, 2020. (Dkt. No. 88)

Dong did not respond to Plaintiffs' counsel's attempts to reach him to schedule his deposition.  Accordingly, on December 23, 2019, Plaintiffs' counsel renewed their motion to withdraw.  (Dec. 23, 2019 Pltf. Ltr. (Dkt. No. 90))

On January 23, 2020, Judge Freeman issued an order directing Dong to appear at a February 21, 2020 conference.  (Order (Dkt. No. 91) at 3)  In her order, Judge Freeman warned that a "failure to appear as directed may result in this Court recommending sanctions, including dismissal of [Dong's] claims for failure to prosecute them."  (Id. at 3-4)  The order was served on Dong on January 27, 2020.  (Dkt. No. 93)  Dong did not appear at the February 21, 2020 conference, nor did he provide any explanation for his absence.  (See Feb. 26, 2020 Order (Dkt. No. 95) at 1)  In a February 26, 2020 order, Judge Freeman granted Plaintiffs' counsel's motion to withdraw, and "directed [Dong] to show cause, in writing, no later than March 5, 2020, why this Court should not recommend that Judge Gardephe dismiss his claims in this action without prejudice for failure to prosecute."  (Id. at 2, 4 (emphasis omitted))  Dong never responded to Judge Freeman's February 26, 2020 order.  (Dkt. No. 97 at 1)

On July 21, 2020, Judge Freeman issued a Report and Recommendation ("R & R") recommending that Dong's claims be dismissed without prejudice for failure to prosecute. (Id.)  The R & R recites the requirement that Dong must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and warns that a failure to do so will result in a waiver of judicial review.  (Id. at 2)  Dong did not file any objections to the R & R.

3

In reviewing a magistrate judge's R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, clear notice has been given of the consequences of a failure to object, and no objections are filed, a district court may adopt the report and recommendation without de novo review. See Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).

Before dismissing a case for failure to prosecute under Federal Rule of Civil Procedure 41(b), courts consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be effective].

Baptiste v Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted). "No single factor is . . . dispositive." Id.; see also Harding v. Goord, 135 F. App'x 488, 488-89 (2d Cir. 2005) (affirming dismissal where pro se plaintiff repeatedly refused to comply with discovery demands and court orders); Brown v. Pulgarin, No. 17-CV-1677 (VSB) (KHP), 2018 WL 5723120, at *2 (S.D.N.Y. Nov. 1, 2018) (adopting R & R recommending dismissal where pro se plaintiff had not complied with court-ordered deadlines).

In her February 26, 2020 order, Judge Freeman analyzes each of these factors. (Feb. 26, 2020 Order (Dkt. No. 95) at 3-4) As to the duration of Dong's non-compliance, Judge Freeman notes that Dong had been uncooperative with Plaintiffs' counsel for months, and did

4

not make himself available for a deposition Defendants had noticed.  She also noted prior orders in which she had put Dong on notice that he could face sanctions for his lack of cooperation, up to and including dismissal of his claims.  Despite these warnings, Dong did not appear before Judge Freeman for two scheduled conferences.  (Id.)  Moreover, Judge Freeman's February 26, 2020 order was served on Dong, with a translation in his first language.  (Dkt. No. 96)  Dong never responded.  Finally, Judge Freeman found that Defendants had been prejudiced by Dong's failure to appear for deposition.  (Feb. 26, 2020 Order (Dkt. No. 95) at 4)

This Court finds no error in Judge Freeman's analysis.  Accordingly, Dong's claims will be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the R & R is adopted in its entirety and Dong's claims against Defendants are dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute.  Chambers will mail a copy of this Order to Cunming Dong, 949 55th St. Fl. 1, Brooklyn, NY 11219.

The Clerk of Court is directed not to close this case.

Dated: New York, New York
       January 4, 2021

SO ORDERED.

Paul G. Gardephe
United States District Judge

5